692 So.2d 30 (1997)
Marion Douglas HARGROVE, Jr. on Behalf of Marion D. HARGROVE, III
v.
STATE of Louisiana DEPARTMENT OF HEALTH AND HOSPITALS.
No. 96 CA 1072.
Court of Appeal of Louisiana, First Circuit.
March 27, 1997.
Writ Denied June 13, 1997.
*31 Leo J. Berggreen, Baton Rouge, for Plaintiff-Appellant Marion Douglas Hargrove, Jr., on behalf of Marion D. Hargrove, III.
Mary Dozier O'Brien, Baton Rouge, for Defendant-Appellee State of Louisiana Department of Health and Hospitals.
Before WHIPPLE, PITCHER and FITZSIMMONS, JJ.
FITZSIMMONS, Judge.
Plaintiff, Marion Douglas Hargrove, Jr. on behalf of Marion Douglas Hargrove III, filed suit against defendant, State of Louisiana, Department of Health and Hospitals, to have the trial court review the department's administrative finding that Mr. Hargrove III was not eligible for long term care under the Medicaid program. The trial court affirmed the denial of benefits. Mr. Hargrove III appealed.
Two issues are raised, on appeal: (1) Whether the federal rules outlining the Medicaid assistance program conflict with the state rules governing its operation and (2) whether the trust qualified as a Medicaid Qualifying Trust (MQT), and therefore, was correctly counted as a resource in determination of Medicaid eligibility. After a thorough review of the record, we find no error in the judgment. We affirm.

COMPARISON OF STATE AND FEDERAL PROVISIONS
The goal of the governmental assistance program at issue is to furnish medical assistance to low-income individuals. See 42 U.S.C. § 1396a(a)(10); Schweiker v. Hogan, 457 U.S. 569, 570-572, 102 S.Ct. 2597, 2600, 73 L.Ed.2d 227 (1982). States are not required to participate in the Medicaid program at issue. When states do join, they are required to submit a state plan. See 42 U.S.C. § 1396a(a). This federal statute, and interpreting jurisprudence, is replete with examples of the discretion given the states in setting up the state plan. The states are required to provide for reasonable standards for eligibility determination that are consistent with the objectives of the assistance program. 42 U.S.C. § 1396a(a)(17)(A).
*32 These standards must consider only resources and income available to the applicant and provide a reasonable method of evaluation of such resources and income. 42 U.S.C. § 1396a(a)(17)(B) & (C).

SPECIFIC RULES APPLICABLE AT TIME OF HEARING
To be eligible for the Medicaid assistance at issue here, an applicant cannot have countable resources over $2000. Department of Health and Hospitals, Medicaid Eligibility Manual, I-1631 & I-1633. Resources are any asset owned by the individual that can be liquidated by him and used for support. 20 C.F.R. 416.1201(a) & 1201(a)(1); Department of Health and Hospitals, Medicaid Eligibility Manual, I-1633. If the assets are placed in a MQT, "the maximum amount of payments that may be permitted under the terms of the trust to be distributed to the grantor, assuming the full exercise of discretion by the trustee ...," can be counted as available resources. 42 U.S.C. § 1396a(k)(1). An MQT is:
a trust, or similar legal device, established (other than by will) by an individual (or an individual's spouse) under which the individual may be the beneficiary of all or part of the payments from the trust and the distribution of such payments is determined by one or more trustees who are permitted to exercise any discretion with respect to the distribution to the individual.
42 U.S.C. § 1396a(k)(2).
The MQT provisions apply without regard to whether the trust is irrevocable and whether the discretion of the trustee is exercised. 42 U.S.C. § 1396a(k)(3).
Under the state rules, a "Medicaid Qualifying Trust is a trust which: is established with the applicant[`]s own funds by the applicant, spouse, guardian, or legal representative...." Department of Health and Hospitals, Medicaid Eligibility Manual, I-1634 (emphasis added).

ESTABLISHMENT OF TRUST BY CURATOR
The federal rule requires the trust be established by "an individual" or a spouse to be a MQT. 42 U.S.C. § 1396a(k)(2). The Hargrove trust, containing over $170,000, was created by the curator, Mr. Hargrove, Jr. The curator asserts that the state rule, by adding guardians and legal representatives, impermissibly broadens the categories of people whose creation of a trust would fit the definition under 42 U.S.C. § 1396a(k)(2). Thus, the curator argues, the trust established by the curator does not meet the proper federal definition of a MQT, and cannot be counted as a resource.
As to the actions of a legally appointed curator, we disagree with the curator's argument. The state's inclusion of the interdict's curator, the legal guardian, within the definition of "individual," does not conflict with the federal rules or the goal of the Medicaid assistance program. Implicit in the term "individual" is the curator of an interdict. The curator set up the trust on behalf of his interdict. The curator acts for and on behalf of the individual interdict, because the interdict cannot act for himself. See, e.g. La. C.C. art. 3072. When acting on behalf of his interdict, the curator takes on a singularity of identity with the interdict that fits within the definition of "individual." See Williams on Behalf of Squier v. Kansas Department of Social and Rehabilitation Services, 258 Kan. 161, 899 P.2d 452, 456-459 (1995) (the case provides a good analysis and a review of opinions by other states on the same issue). If it were not so, the curator could not have chosen the type of trust used, placed the interdict's own funds in trust, applied for Medicaid benefits for the interdict, and sued or appealed on behalf of the interdict.

TRUSTEE DISCRETION
The only remaining question of whether the trust is a MQT is whether the trustee exercises "any discretion with respect to the distribution to the individual." 42 U.S.C. § 1396a(k)(2) (emphasis added). If the trust is a MQT, the maximum resources available from the trust, assuming full exercise of discretion and regardless of whether the trustee exercises that discretion, are countable. 42 U.S.C. § 1396a(k)(1) & (3). If these countable resources available to the beneficiary are *33 over $2000, Mr. Hargrove III cannot qualify for the Medicaid program. See Department of Health and Hospitals, Medicaid Eligibility Manual, I-1631 & I-1633.
Under the trust documents, the trustee does have discretion. The restriction placed on the trustee is the requirement that funds not be distributed in a way to disqualify the beneficiary from federal or state benefits. However, if Mr. Hargrove III is rejected by Medicaid, these restrictions do not apply. The trustee would have full discretion to distribute the corpus or principal of the trust. Also, the trustee is given the power to terminate the trust if, in the opinion of the trustee, the beneficiary is no longer receiving sufficient services from any government program, and if it is in the best interest of the beneficiary. Presumably, if Mr. Hargrove III is receiving no benefits from Medicaid, the trustee could deem the lack of benefits as insufficient, and terminate the trust.
The curator, who is also the trustee, asks this court to interpret the trust document only on the basis that the trustee will qualify and remain satisfied with the Medicaid payments and benefits to the beneficiary, Mr. Hargrove III. Under those circumstances, the trustee has no real discretion. However, we cannot use such a restricted view of the document. The document, interpreted as a whole, contains safety valves: rejection by Medicaid and termination.
If Mr. Hargrove III is not eligible for Medicaid, the restrictions do not apply. The trustee then has discretion to distribute the corpus and the principal. Upon termination by the trustee because he finds Medicaid benefits insufficient, the full assets, formerly in trust, would be available to benefit Mr. Hargrove III. See Williams, 899 P.2d at 459-60. The requirement of termination in itself does not shield these resources from availability. Upon termination, the funds can be released and used for the benefit of Mr. Hargrove III. See generally 42 U.S.C. § 1396a(k)(3); Frerks v. Shalala, 52 F.3d 412, 414 (2d Cir.1995).

CONCLUSION
After a thorough review of the record, we find no error in the trial court's affirmance of the department's finding that Mr. Hargrove III was not eligible for Medicaid. The trust is a MQT and the trust assets can be counted as available resources. Because Mr. Hargrove III exceeded the allowable resource limit, he is not eligible for the Medicaid program. It is clear that the main purpose of the trust, as drafted, was to circumvent the restrictions set up to achieve the goal of the program; aid to the needy; those with countable assets of $2000 or less.
We affirm the judgment of the trial court, which upheld the administrative decision. Costs are assessed to plaintiff-appellant, Mr. Hargrove Jr. on behalf of Mr. Marion D. Hargrove III.
AFFIRMED.