791 So.2d 181 (2001)
In re: MERLIN A. ABADIE INTER VIVOS TRUST
No. 2000-CA-2029.
Court of Appeal of Louisiana, Fourth Circuit.
July 11, 2001.
Rehearing Denied August 15, 2001.
*182 Alan Abadie, Chalmette, In Proper Person, Appellant.
Robert E. Arceneaux, Travis L. Bourgeois, Jerry B. Jordan, Barham & Arceneaux, Aplc, New Orleans, Counsel for Appellant, Carol Melancon.
Constance Charles Willems, Kenneth A. Weiss, McGlinchey Stafford, P.L.L.C., New Orleans, Counsel for Appellee, Bank One Trust Company, NA.
Court composed of Judge CHARLES R. JONES, Judge MAX N. TOBIAS Jr., and Judge DAVID S. GORBATY.
TOBIAS, Judge.
This matter arises from a dispute relating to the management of the Merlin A. Abadie Inter Vivos Trust ("Trust"). Bank One Trust Company, N.A. ("Trustee"), is the current trustee of the Trust. The Trustee initiated the instant action seeking directions from the district court regarding certain disbursements. Primarily at issue before the district court was whether the Trustee should have secured an interest in a house and van purchased with trust funds, and whether the interdict, for whose benefit the Trust was established, should have separate legal counsel.
The Trust was created on 8 July 1975 in settlement of litigation filed on behalf of Merlin A. Abadie ("Merlin") and his parents against the United States of America for injuries sustained by Merlin at his *183 birth on 3 March 1971 in a U.S. Air Force Hospital. Due to those injuries, Merlin has numerous impairments, including quadriplegia, cerebral palsy, and brain damage. He has the mental capacity of a young child. The United States funded the Trust with a $1,000,000.00 payment. Merlin is the first beneficiary of the Trust. Merlin's father Alan Abadie ("Mr.Abadie"), and Merlin's mother, Carol Abadie Melancon ("Mrs.Melancon"), are the second and third beneficiaries, respectively. The United States, the settlor and principal beneficiary, is entitled to any funds remaining in the corpus of the Trust upon Merlin's death.
Since the inception of the Trust, Merlin's parents have separated and divorced. Mrs. Melancon is remarried and lives in Nebraska with her husband, Merlin, and her other children. Mrs. Melancon has been Merlin's primary caregiver since her separation and divorce from Mr. Abadie. In 1981, Mrs. Melancon was appointed tutrix of Merlin, and her husband, Alan Melancon ("Mr.Melancon"), was appointed under-tutor.[1] The record also indicates that, upon Merlin attaining the age of majority[2] Mrs. Melancon was appointed his guardian.[3]
In 1998, Mr. Abadie brought suit in Nebraska against Mrs. Melancon, individually, and in her capacity as guardian of Merlin.[4] Mr. Abadie alleges in the Nebraska action that Mrs. Melancon has made improper use of funds disbursed to her from the Trust since, at least, 1988. In that action, he seeks an accounting of Merlin's assets; a security interest in the Melancon's home and van on behalf of the Trust; and, the appointment of separate legal counsel for Merlin. The Trustee is not a party to that litigation. The Nebraska court assumed jurisdiction of those proceedings on its finding that the matters at issue arose from the guardianship. The Nebraska court stated:
The source of the funds, whether derived from a Louisiana trust, income of the incapacitated person, or any other source, is not relevant to the issue of whether this court can monitor the usage of those funds once received by and in the hands of the guardian.
Thereafter, on 16 March 1999, the Trustee filed its Petition for Instructions in the Civil District Court for the Parish of Orleans. The Nebraska action was stayed by the Nebraska court.
The instant action was initiated by the Trustee's filing of its Petition for Instructions. On 12 April 1999, the Trustee also moved the court to consider whether it should appoint an attorney for Merlin. On 30 June 1999, the Trustee filed a Supplemental Petition for Instructions. These pleadings are the basis of the instant action. On 25 February 2000, the trial court issued its judgment in favor of the Trustee, concluding that the Trustee should not: (1) obtain an ownership interest or security interest in either the home or van; (2) expend Trust funds to investigate Mr. Abadie's allegations that already have a proper forum in Nebraska; (3) move to *184 disqualify Mrs. Melancon's Louisiana legal counsel; and, (4) appoint separate legal counsel to represent Merlin. Both Mr. Abadie and Mrs. Melancon appeal the trial court's decision.
Prior to oral argument on the appeals, the Trustee moved this court to strike portions of Mr. Abadie's and Mrs. Melancon's appellate briefs. We declined to strike any portions of the briefs as filed, noting that only issues raised in the trial court and relevant to this appeal would be considered.
In his brief, Mr. Abadie raises the following assignments of error:
1. "The trial court erred, abused its discretion, and was incorrect in its application of and/or ignored rules 1.7 and 1.9 of the Rules of Professional Conduct, when if (sic) refused to appoint an independent attorney to represent the interdict, Merlin Abadie."
2. "The trial court erred and abused its discretion when it prevented the Trustee from fulfilling it (sic) fiduciary duty to a beneficiary when the court refused to allow the trustee to even move to disqualify an attorney whose representation may be in violation of rules 1.7 and 1.9 of the Rules of Professional Conduct, and detrimental to the interests of a party to whom the Trustee owes a fiduciary relationship."
3. "The trial court erred as a matter of law and abused its discretion and failed to apply the law of a fiduciary as it applies to a Trustee and equity as appropriate when it found that for the Trustee to acquire a security interest in over $100,000.00 paid into a home for Merlin is not in Merlin's best interest and by denying Merlin Abadie any relief to secure from loss the beneficial interest of Merlin Abadie in his residence and his transportation."
4. "The trial court erred as a matter of law and abused its discretion when it prohibited the Trustee from investigating substantial allegations regarding acts that may have substantially harmed the trust or the Beneficiary Merlin Abadie's interest in trust disbursements."
In her brief, Mrs. Melancon raises the following assignments of error:
1. "The district court erred in giving `instructions' to the trustee under La. R.S. 9:2233 on matters which were purely within the trustee's discretion as administrator of the trust and on matters which did not concern ambiguities in the trust instrument."
2. "The district court erred in allowing the trustee to use trust funds to pay for attorneys fees and costs incurred in its prosecution of this Petition for Instructions."

Mr. Abadie's First and Second Assignments of Error:
Mr. Abadie's first and second assignments of error are jointly presented and addressed in his brief. They present the issue of whether the trial court erred when it ordered:
5. "The Trustee shall not move to disqualify the law firm of Barham, Arceneaux from representing Carol Melancon individually, and/or as guardian of Merlin A. Abadie; and"
6. "The Trustee shall not appoint, or have a separate attorney appointed, to represent the interests of the beneficiary Merlin A. Abadie."
Mr. Abadie maintains that Rules 1.7 and 1.9 of the Rules of Professional Conduct, as promulgated by the Louisiana State Bar *185 Association and adopted by the Supreme Court of Louisiana, require that Merlin have legal counsel separate from that of his guardian and further require the disqualification of Mrs. Melancon's counsel on the grounds that counsel has represented both Merlin, through his legal guardian, and Mrs. Melancon, individually. Rule 1.7 of the Rules of Professional Conduct provides that a lawyer must not represent a client if the representation will be directly adverse to another client or will materially limit the lawyer's responsibility to another client. See also, Louisiana Bank & Trust Company v. Anderson, 526 So.2d 1386, (La.App. 3rd Cir.1988), holding that a lawyer may not represent interests that are hostile to or in conflict with one another. Rule 1.9 of the Rules of Professional Conduct seeks to protect each client from the use or misuse of that client's confidential information by an attorney and to assure the attorney's loyalty to each client.
A unity of identity and, presumably, of interest exists between an interdict and his guardian. Hargrove on Behalf of Hargrove v. State, Dept. of Health and Hospitals, 96-1072 (La.App. 1 Cir. 1997), 692 So.2d 30, wherein the court cited Williams on Behalf of Squier v. Kansas Dept. of Social and Rehab. Services, 258 Kan. 161, 899 P.2d 452 (1995), as a good analysis and review of opinions by other states on this issue. Mr. Abadie maintains that, in light of the allegations of the Nebraska action, a potential conflict of interest exists between Merlin and Mrs. Melancon. Mr. Abadie expresses concern that Merlin's best interests may be jeopardized if Merlin and Mrs. Melancon continue to share the same legal counsel.
It is apparent that Mr. Abadie's concerns are limited to property management issues. There have been no allegations to even suggest that Merlin's person is at risk. In fact, all indications are to the contrary, indicating that Merlin enjoys the support and concern of both natural parents, as well as various other family members, including his step-father. However, Mr. Abadie has raised various allegations of financial mismanagement against Mrs. Melancon in the Nebraska action. The issues of whether Mrs. Melancon is properly executing her duties as Merlin's guardian, whether Merlin should have separate guardians of his person and property, and whether Mrs. Melancon should be replaced as Merlin's guardian must be addressed in the Nebraska action.
We find that it is appropriate for the Nebraska court to determine whether it is in Merlin's best interest to have separate legal counsel in the Nebraska action. Merlin and his guardian are Nebraska domiciliaries and the guardianship was instituted in Nebraska. If the Nebraska court should determine that Merlin requires separate counsel, then the Trustee would be obligated, by the terms of the Trust, to compensate Merlin's counsel.
We further find that it is unnecessary for Mrs. Melancon's Louisiana legal counsel to be disqualified. Merlin and his guardian have not had hostile or conflicting interests during the pendency of this action or while they were jointly represented by Louisiana legal counsel. Furthermore, it is unlikely that Merlin has ever independently communicated anything to his attorney. As a matter of necessity, each and every attorney-client communication made on Merlin's behalf must have passed through Mrs. Melancon who has consistently performed as Merlin's primary physical custodian as well as the administrator of most, if not all, funds disbursed for his considerable care. As such she has personal knowledge of, and has had independent access to, every aspect of Merlin's financial and personal information. We see no meaningful risk to *186 Merlin in allowing Mrs. Melancon to continue with her current representation in Louisiana.

Mr. Abadie's Third Assignment of Error:
Mr. Abadie's third assignment of error presents the issue of whether the trial court erred in ordering that the Trustee "shall not" obtain a security or ownership interest in the Melancon home or van. The Trust has expended approximately $100,000.00 for the adaptive construction of the Melancon home.[5] The Trust also has provided for the periodic purchase and modification of a van for Merlin's use.[6] The present matter came before the trial court on the specific request of the Trustee asking whether the Trust instrument requires the Trustee to obtain an ownership interest in or security interest over the Melancon family home and van.
Having reviewed the Trust instrument and being aware of the broad latitude allowed under Louisiana law for the execution of the duties of a trustee, we find that the Trustee is limited in its administration of the Trust only to the extent of the "prudent man rule" and the provisions of the Trust. The Trust provides:
ARTICLE I
Duties of the Trustee
[T]rustee shall apply so much of the TRUST ESTATE as TRUSTEE, in its discretion, may determine to be necessary for the FIRST BENEFICIARY'S proper medical care.... proper medical care includes... the purchase or lease every three (3) years of an automobile plus the cost of any modifications to that automobile ... modifications to the family home required for the maintenance, care, or well being of the FIRST BENEFICIARY because of his medical condition....
ARTICLE II
Powers of the Trustee
To carry out the purposes of this Trust and and subject to limitations stated elsewhere in this instrument, TRUSEE is vested with the following rights, powers, and authority, in its sole and absolute discretion and without authorization from any court, in addition to those powers now or hereafter granted TRUSTEE by the Louisiana Trust Code.... To retain indefinitely any property, real, personal, or mixed, and to operate at the risk of the TRUST ESTATE any property or business that shall be transferred to TRUSTEE, in the exercise of its rights, powers, and authority under this Trust Agreement, regardless of any lack of diversification, any risk, or any nonproductivity, and even though such property or business, except for this express authority, might otherwise be considered impropert for a trust investment.... To make such purchases or exchanges at such times, for such prices, in such manner, and upon such other terms and conditions as TRUSTEE shall in its discretion deem advisable, and to invest and reinvest in such... other evidence of rights, interest, or obligations, secured or unsecured, or such other property, real, personal, or mixed, as TRUSTEE shall in its discretion deem advisable....
The Trust also establishes the following broad limits of power and responsibility for the Trustee:
*187 ARTICLE II
Powers of the Trustee
Enumeration of certain powers of the TRUSTEE shall not limit its general powers, TRUSTEE being vested with and having all the rights, powers, and authority which an absolute owner of the same property would have .... TRUSTEE shall not be answerable or responsible for any act or thing whatsoever except TRUSTEE's own willful default or gross neglect.
The Louisiana Trust Code, La. R.S. 9:1721, et seq., provides further legal limits for the Trustee. It establishes and defines the "prudent man rule" as the minimum standard of care to be applied by a Louisiana trustee. La. R.S. 9:2090 provides:
A trustee in administering a trust shall exercise such skill and care as a man of ordinary prudence would exercise in dealing with his own property.
La. R.S. 9:2127 provides:
Unless the trust instrument provides otherwise, in acquiring, investing, reinvesting, exchanging, retaining, selling, and managing trust property a trustee shall exercise such skill and care as a man of ordinary prudence, discretion, and intelligence would exercise in the management of his own affairs not in regard to speculation but in regard to the permanent disposition of his funds, considering the probably income as well as the probable safety of his capital....
We note that the Trust document treats payments made for modification of the family home and acquisition and modification of a van as an "expense" or "payment" and not as an investment.[7] Nonetheless, the Trust does not specifically address the issue of ownership or security interests relative to such "expenses" or "payments." Thus, the Trustee is without specific directives from the Trust instrument and, accordingly, must act with "ordinary prudence" and/or seek court interpretation of the Trust.
The measure of whether a trustee has erred in the exercise of "ordinary prudence" is whether the trustee has failed to take reasonable measures to protect all beneficiaries, both income and principal. It is a common practice in this and, presumably, other communities that one who invests in the construction or substantial modification of real property ordinarily seeks to have either partial ownership of or a secured interest in that real property. The Trustee did not do so. Two other lien holders now prime any interest the Trust might have in the property, that would suggest to this court a lack of "ordinary prudence" on the part of the Trustee, if the property were determined to be an investment.
We find that the trial court did not err in its advice to the Trustee. The Trust does not specifically require the Trustee to obtain an ownership or security interest in the Melancon home or van. The trial court resolved the issue for the Trustee.

Mr. Abadie's Fourth Assignment of Error:
Mr. Abadie's fourth assignment of error raises the issue of whether the trial court erred in ordering that the Trustee should not pursue the allegations of Alan Abadie separate from the Nebraska litigation. The trial court ordered:
3. "The Trustee shall not expend Trust funds to investigate, nor shall it otherwise spend time or money to investigate, the allegations made by Alan Abadie in this matter."

*188 4. "Since the allegations made by Alan Abadie herein are identical to, or if not identical, are substantially similar to, the allegations asserted or which could have been or can be asserted, by Mr. Alan Abadie in proceedings initiated by him in Nebraska styled: In the Matter of the Guardianship/Conservatorship of Merlin A. Abadie, which proceedings were filed on or about April 1, 1998 or about 11 months prior to the filing of the Trustee's Petition, and which are presently pending on the docket of the County Court of Douglas County, State of Nebraska, at Book 44, Page 648, any expenditure of funds from the Trust's or Trustee's accounts to investigate such allegations is not justified and would be a waste of the assets thereof."
The Trustee has the right and duty to bring an action against Mrs. Melancon if it reasonably believes she has breached a duty, provided that the Trust or law obligates the Trustee to act to enforce that duty. Mr. Abadie, however, is not empowered to dictate either to the Trustee or to Merlin's guardian. He may voice his concerns through specific legal actions permitted by law. If Mr. Abadie wants to bring an action to remove, compel, or enjoin the Trustee and can state a cause of action therefor under the law or the specific Trust language, he may do so as a beneficiary of the Trust. La. R.S. 9:2221. Under certain circumstances, he may bring an action directly against an obligor of the Trust. La. R.S. 9:2222. Presumptively, if Mr. Abadie wants to petition the court for a change in Merlin's guardianship and can state a cause of action therefor, he may do so as Merlin's natural father; but, such action would have to be brought in the State of Nebraska, not Louisiana. The matter at bar is merely a review of a Louisiana trial court's advice to the Trustee, following the filing of the Trustee's Petition for Instructions.
As noted by the trial court, the allegations raised by Mr. Abadie in the course of this matter, and which he wants the Trustee to pursue, have already been raised by him in an action which pre-dates the present cause. Those matters are currently pending in Nebraska. Furthermore, Mrs. Melancon and Merlin have lived together in Nebraska since at least 1990. Mrs. Melancon was appointed Merlin's guardian pursuant to the laws of Nebraska. Nebraska has ready access to most, if not all, documentation regarding the execution of Mrs. Melancon's duties and responsibilities as Merlin's guardian. Thus, Nebraska is the appropriate forum for the consideration of those guardianship-related issues. Accordingly, the trial court did not err in directing the Trustee to refrain from expending any Trust funds in an independent pursuit of those issues.

Mrs. Melancon's First and Second Assignments of Error:
Mrs. Melancon characterizes the matters about which the Trustee sought instructions from the district court as "discretionary." Mrs. Melancon maintains that, because they are "discretionary," the court erred in giving instructions to the Trustee on those matters. Mrs. Melancon further maintains that the court erred in allowing the Trustee to use Trust funds to pay fees and costs associated with its Petition for Instructions.
The Louisiana Trust Code, at La. R.S. 9:2233 A, permits a trustee to petition the court for instructions concerning administration of a trust, as follows:
A trustee, a beneficiary, or a settlor in an ordinary or a summary proceeding may apply to the proper court for instructions concerning the trust instrument, the interpretation of the instrument, or the administration of the trust.
The Supreme Court of Louisiana has held that a trustee may apply to the court for *189 instructions only when there is reasonable doubt as to its duties or powers. In Re Gulf Oxygen Welder's Supply Profit Sharing P. & T.A., 297 So.2d 663 (La.1974). The Supreme Court further held that the trustee may not seek instructions as to issues that might not arise or as to matters resting within the discretion of the trustee. Id. We find that standard met by the circumstances before us and that the Trustee did not abuse its discretion in seeking direction from the court.[8] The Trustee's action initiated by its Petition for Instructions was necessitated by the ongoing suspicion and lack of cooperation between the Trust's second and third beneficiaries, Mr. Abadie and Mrs. Melancon, respectively. Thus, the expenses incurred by the Trustee for attorney's fees and costs associated with this action are an appropriate expense of the Trust. The trial court was correct to entertain and respond to the Trustee's Petition for Instructions, and to permit the Trustee to use Trust funds to pay for its presentation of this action.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED
JONES, J., concurs in the result.
GORBATY, J., dissents in part.
JONES, J., Concurs in the Result.
GORBATY, J., Dissents in Part.
I respectfully dissent in part. The Trustee failed to act with "ordinary prudence" when it declined to take a security interest in the Melancon home. The Trustee has a fiduciary duty to safeguard the interests of the trust beneficiaries. Although the Trust does not specifically require the Trustee to obtain an ownership interest in real property, such an action would be a reasonable measure to protect all beneficiaries. Accordingly, for these reasons, I would reverse that portion of the decision of the trial court. In all other respects, I agree with the ruling of the majority.
NOTES
[1] Tutorship of Merlin A. Abadie, Ninth Judicial District Court, Parish of Rapides, State of Louisiana, No. 19651.
[2] Merlin attained the age of 18 in 1989.
[3] The Trustee's petition alleges (and remains uncontroverted) that Mrs. Melancon is Merlin's court-appointed guardian pursuant to Letters of Guardianship issued by the Douglas County Court, State of Nebraska.
[4] In the Matter of the Guardianship/Conservatorship of Merlin A. Abadie, County Court of Douglas County, State of Nebraska, Book 44, Page 648, filed 1 April 1998 and still pending (hereinafter sometimes referred to as "the Nebraska action").
[5] The record indicates that this sum includes a recovery of approximately $50,000.00 expended by the Trust for modifications to the Melancon's prior home.
[6] The record indicates that the last purchase of van occurred in 1993.
[7] The Trust instrument's treatment of monies applied toward the home and van might indicate an intent that the Trust would not hold an ownership or security interest in those items.
[8] A trustee may always seek the advice of the court when faced with a decision that requires it to interpret any aspect of the trust instrument. La.R.S. 9:2233. Nonetheless, such actions by a trustee are subject to claims by the trust beneficiaries of frivolous or abusive use of trust assets.