817 So.2d 57 (2002)
Roger WALKER, et al.,
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
Willie Mae Mixon, et al.,
v.
State of Louisiana, Department of Transportation and Development.
Nos. 2001-CC-2078, 2001-CC-2079.
Supreme Court of Louisiana.
May 14, 2002.
*58 Dane S. Ciolino, Danial C. Vidrine, Baton Rouge, Counsel for Applicant in No. 2001-CC-2078 and Respondent in No. 2001-CC-2079.
Douglas M. Chapoton, Richard P. Ieyoub, Attorney General, Stacey A. Moak, *59 Baton Rouge, Counsel for Respondent in No. 2001-CC-2078.
Richard P. Ieyoub, Attorney General, Henry D. Salassi, Jr., Heather M. Valliant, Chaffe, McCall, Phillips, Toler & Sarpy, Baton Rouge, Counsel for Applicant in No. 2001-CC-2079.
CALOGERO, Chief Justice.
We granted certiorari to determine whether an attorney who was formerly employed by the State of Louisiana handling claims in the "Road Hazard" Section of the Attorney General's Office should be disqualified from two cases wherein he now represents plaintiffs who have filed suit against the State alleging damages as a result of defective State roadways. Upon review of the record we find that the State failed to meet its burden of proving that the attorney should be disqualified from participating in those law suits.

FACTS
In 1986, Danial Vidrine began working for the State of Louisiana in the Attorney General's Office. In 1989, Vidrine was assigned to work in the "Road Hazard Section" where he handled State Department of Transportation and Development (DOTD) matters. In June 1999, Vidrine resigned and entered private law practice. Approximately one month after his resignation, on July 12, 1999, Vidrine mailed a letter to various Louisiana attorneys advising them that he defended road hazard claims for DOTD for ten years and is "very informed in the inner operations of the Department of Transportation and Development as well as the location of valuable written documents which are essential in proving a case against the DOTD."
On August 6, 1999, approximately five weeks after his resignation from the attorney general's office, Vidrine filed a personal injury suit against DOTD on behalf of Willie Mae Mixon. On October 7, 1999, Vidrine enrolled as co-counsel for Robert Walker, in a suit against the DOTD which had been filed in January of 1998 while Vidrine was employed by the State. On June 26, 2000, the State filed a motion in the Walker litigation seeking disqualification of Vidrine as plaintiff's counsel. On October 9, 2000, the State field a similar motion in the Mixon case, alleging that Vidrine's representation of the plaintiffs violated the Louisiana Rules of Professional Conduct.
In the Walker matter, the trial judge granted DOTD's motion to disqualify Vidrine without assigning written reasons. Vidrine sought supervisory review and the First Circuit Court of Appeal denied Vidrine's writ application.
In the Mixon case the trial judge granted the DOTD's motion to recuse "on the basis that [the accident] occurred during the time that [Vidrine] was employed by the DOTD." Vidrine sought writs. The First Circuit, with an identical panel of Judges which had denied Vidrine's writ in the Walker case, granted his application in the Mixon matter and reversed the judgment of the trial court. The court found there was no basis on the record to disqualify Vidrine from representing Willie Mae Mixon.
Vidrine filed an application in this court in the Walker matter and DOTD filed an application in the Mixon case. The applications were granted and the cases were consolidated for purposes of briefing, oral argument and consideration by this court. The parties seek a determination as to whether the law requires Vidrine's disqualification from the Walker and Mixon cases.

LAW AND ANALYSIS
The customary remedy for an alleged conflict of interest is disqualification *60 of the attorney or firm with the conflict. Corbello v. Iowa Production Co., XXXX-XXXX (La.App. 3 Cir. 6/6/01), 787 So.2d 596. In determining whether a conflict exists, courts often look to the Rules of Professional Conduct. See In re: Merlin A. Abadie Inter Vivos Trust, 2000-2029 (La. App. 4 Cir. 7/11/01), 791 So.2d 181; Farrington v. The Law Firm of Sessions, Fishman, 95-0841 (La.App. 4 Cir. 5/8/96), 674 So.2d 448. Furthermore, this court has determined that the ethical rules which regulate attorneys' law practices have been recognized as having the force and effect of substantive law. See Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982); Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979); Husk v. Blancand, 155 La. 816, 99 So. 610 (1924).
Before discussing the applicable conflict rules, we begin with a discussion of the burden of proof of the respective parties in these two lawsuits. We note that the burden of proving disqualification of an attorney or other officer of the court rests on the party making the challenge. See Brasseaux v. Girouard, 214 So.2d 401 (La. App. 3d Cir.), writ refused, 253 La. 60, 216 So.2d 307 (1968); Schweiker v. McClure, 456 U.S. 188, 196, 102 S.Ct. 1665, 1670, 72 L.Ed.2d 1 (1982).
Here, the State seeks to have Vidrine disqualified in the Walker and Mixon matters and hence, the burden of proving that Vidrine has a conflict of interest rests with the State. The State has argued that Vidrine should be disqualified under Rules 1.9[1] and 1.11[2] of the Louisiana *61 Rules of Professional Conduct. More specifically, the records in the Walker and Mixon cases reveal that the State makes two arguments which can be summarized as follows:
1) Vidrine should be disqualified as counsel in the Walker and Mixon cases under La. R. Prof. Cond. 1.9(a) because those cases are "substantially related" to matters Vidrine handled while working for the DOTD.
2) Vidrine should be disqualified as counsel in the Walker and Mixon cases under La. R. Prof. Cond. 1.9(b) and 1.11 because Vidrine possesses confidential information that can be used against the DOTD.
We find that the State has not met its burden of proving that Vidrine violated either La. R. Prof. Cond. Rule 1.9 or 1.11. Louisiana Rules of Professional Conduct Rule 1.9(a)
La. R. Prof. Cond. 1.9(a) prevents Vidrine from representing "another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." In this instance, the Mixon case was filed after Vidrine left the DOTD. While the Walker case was filed when Vidrine was employed by the State, he testified that he "had no idea that [the Walker] case ever existed while [he] was an Assistant Attorney General." There is no proof in the record to the contrary. Thus, there is no evidence to support a conclusion that Vidrine should be disqualified for representing another person in the "same matter."
It is not the State's contention that Vidrine worked on the Walker or Mixon matters while employed by the State, but that those cases are "substantially related" to matters that Vidrine worked on while employed by the DOTD. The State contends that the Mixon and Walker cases are substantially related to the work Vidrine did at the DOTD because those cases both involve defective roadways, the type of suits that Vidrine defended as counsel for the DOTD.
We disagree with the DOTD's broad construction of "substantially related." The term "substantially related" is not defined in Rule 1.9, yet some federal district and appellate courts have attempted to define the phrase. In Koch v. Koch Industries, 798 F.Supp. 1525, 1536 (D.Kan. 1992), a federal district court defined the term "substantially related" to mean that the cases "involve the same client and the matters or transactions in question are relatively interconnected or reveal the client's pattern of conduct." In Rogers v. Pittston Co., 800 F.Supp. 350 (W.D.Va. 1992), the court defined the term to mean "identical or essentially the same." Also, in Trust Corp. v. Piper Aircraft Corp., 701 *62 F.2d 85, 87 (9th Cir.1983) "substantially related" required that "the factual contexts of the two representations [be] similar or related."
While these definitions vary in language they are all consistent in the view that "substantially related" is to be given a narrow interpretation. In our view, two matters are "substantially related" when they are so interrelated both in fact and substance that a reasonable person would not be able to disassociate the two.
Here the State has not proven that the Walker and Mixon cases are so interrelated in fact and substance to any case Vidrine worked on while at the DOTD that a reasonable person could not disassociate them. The State's only assertion is that Vidrine is now working on the same type of cases that he handled while working in the Road Hazard Division. However, representing a party against a former client on the same type of case, without more, is insufficient to disqualify the attorney under Rule 1.9(a). To hold otherwise would be to severely restrict the ability of an attorney to gain employment in his field of expertise, especially in this instance where Vidrine's former employer is the State of Louisiana.
Vidrine has experience handling lawsuits involving allegedly defective highways. If "substantially related" referred only to the type of litigation then Vidrine would be forever barred from representing an individual against the DOTD in a road hazard case. In our view, Rule 1.9(a) cannot be so broadly interpreted or applied. Because the State failed to prove that the Walker and Mixon cases are "substantially related" to any of the matters Vidrine worked on while employed in the Road Hazard Division, Rule 1.9(a) does not disqualify him from handling either of these two cases. We now turn to La. R. Prof. Cond. Rules 1.9(b) and 1.11.

Louisiana Rules of Professional Conduct Rules 1.9(b) and 1.11
The State's argument here is that La. R. Prof. Cond. Rules 1.9(b) and 1.11 prevent an attorney from using confidential information against his former client. The State argues that Vidrine has confidential information regarding the DOTD as evidenced by his July 12, 1999 letter. The State cites the portion of the letter wherein Vidrine asserts that he has "become very informed in the inner operations of the Department of Transportation and Development as well as the location of valuable written documents which are essential in proving a case against the DOTD." The State contends that the "valuable written documents" refer to confidential documents which are privileged and/or confidential under federal statute 23 U.S.C. § 409[3].
In an effort to further prove that Vidrine had access to confidential information, the State cites the deposition testimony of Larry Durant, general counsel for the DOTD, who stated that Vidrine did have, *63 or would have had, access to 23 U.S.C. § 409 documents during his employment by the State. Durant testified that he recalled certain instances in which Vidrine had been given "abnormal accident listing information."
We disagree with the State's assertion that Vidrine should be excluded from representing Willie Mae Mixon or Roger Walker. While the July 12, 1999 letter was unclear and may be misleading, it does not prove that Vidrine has access to 23 U.S.C. § 409 documents. Furthermore, even assuming the testimony of Larry Durant to be true, that Vidrine at some point had access to 23 U.S.C. § 409 information, Durant's testimony does not prove that Vidrine ever had access to confidential information regarding the Mixon or Walker matters. The only evidence in the record indicates that the contrary is true. During depositions, Vidrine was specifically asked whether he possessed any confidential information relating to either the Walker or Mixon cases and he stated he did not.
Under La. R. Prof. Cond. Rules 1.9(b) and 1.11, a client wishing to disqualify an attorney representing an adverse party must do more than prove that the attorney obtained some confidential information from the client. The reason is because the very nature of an attorney-client relationship requires some confidential disclosure. One of the foundations and most basic tenants of the attorney/client relationship is confidentiality. A client can converse with an attorney about matters knowing the attorney is duty bound to maintain the client's confidences. "[P]ublic trust in the confidence with which an attorney receives potential evidence from a client would soon disappear if the lawyer were permitted to establish the same fiduciary relationship with an adverse party." United States v. Kitchin, 592 F.2d 900, 904 (5th Cir.1979). Such candid information is necessary for an attorney to zealously represent his client. If the attorney is to be disqualified, there must also be an indication that the confidential information obtained by the former attorney is relevant and can be used against the former client in the subsequent proceeding.
Our interpretation of La. R. Prof. Cond. Rules 1.9(b) and 1.11 is in accord with the comment to the ABA Model Rules of Professional Conduct. Comment 3 to ABA Mod. R. Prof. Cond. 1.11 states that "the rules governing lawyers presently or formerly employed by a government agency should not be so restrictive as to inhibit transfer of employment to and from the government. The government has a legitimate need to attract qualified lawyers as well as to maintain high ethical standards. The provision for screening and waiver are necessary to prevent the disqualification rule from imposing too severe a deterrent against entering public service."
That is not to say, however, that the State can never seek to disqualify a former State lawyer from representing a client in a matter adverse to itself. What is necessary is that the State show the former attorney gained confidential information that is relevant to a case he is now handling and which can be used against, and to the prejudice of, the State. Here, the State simply failed to prove that Vidrine obtained any confidential information while working for the Road Hazard Division that could be used against the State in the Walker or Mixon cases. While Vidrine may have had access to confidential DOTD documents concerning dangerous roadways, it does not automatically follow that the information accessible to him while in the State's employ has relevance to the particular roadways involved in the Walker or Mixon cases.
During oral argument, it was admitted that Mr. Vidrine's letter was poorly worded *64 and inartfully drafted. The correspondence clearly and unmistakably offers to exploit the inter-workings of the office of his former employer and cannot be condoned nor sanctioned. However, in this instance, the party charged with the burden of proof failed to prove that Vidrine should be disqualified. The State waited seven months in one matter and thirteen months in the other matter before taking action to disqualify Vidrine, and it failed to present sufficient evidence to establish that Vidrine possessed any confidential information related to the Walker or Mixon cases. It is the State that must prove the link, and here the State did not meet its burden.
Because the State has failed to prove that Danial Vidrine has a conflict of interest or possesses relevant confidential information that can be used against the DOTD, he should not be disqualified from serving as counsel for either Willie Mae Mixon or Roger Walker.
With regard to the Willie Mae Mixon case, the court of appeal was correct in determining that Danial Vidrine should be allowed to serve as counsel for plaintiff, and we affirm that ruling. As to the Roger Walker case, the district court erred in finding that Danial Vidrine should be disqualified, and we reverse that determination.

DECREE:
Willie Mae Mixon, et al. v. State of Louisiana, Dept. of Transp. and Dev. Docket Number 01-CC-2079: AFFIRMED.
Roger Walker, et al. v. State of Louisiana, Dept. of Transp. and Dev. Docket Number 01-CC-2078: REVERSED AND REMANDED.
NOTES
[1] Rule 1.9. Conflict of interest: Former client

A lawyer who has formerly represented a client in a matter shall not thereafter:
(a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
(b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.
[2] Rule 1.11. Successive government and private employment

(a) Except as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after consultation. No lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:
(1) The disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom; and
(2) Written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this rule.
(b) Except as law may otherwise expressly permit, a lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person. A firm with which that lawyer is associated may undertake or continue representation in the matter only if the disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom.
(c) Except as law may otherwise expressly permit, a lawyer serving as a public officer or employee shall not:
(1) Participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless under applicable law no one is, or by lawful delegation may be, authorized to act in the lawyer's stead in the matter; or
(2) Negotiate for private employment with any person who is involved as a party or as attorney for a party in a matter in which the lawyer is participating personally and substantially.
(d) As used in this rule, the term "matter" includes:
(1) Any judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, investigation, charge, accusation, arrest or other particular matter involving a specific party or parties; and
(2) Any other matter covered by the conflict of interest rules of the appropriate government agency.
(e) As used in this rule, the term "confidential government information" means information which has been obtained under governmental authority and which, at the time this rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose, and which is not otherwise available to the public.
[3] 23 U.S.C. Section 409: Discovery and admission as evidence of certain reports and surveys

Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.