WEIMER, J.,
dissenting.
|tThe choice of which attorney to hire to provide legal representation, particularly in a criminal matter, in an infinitely personal decision. I very respectfully dissent, believing on this record the trial court did not abuse its discretion in respecting the choice of attorney by the defendant and determining the law firm chosen by the defendant should not be disqualified.
As the majority notes, the state filed a motion to disqualify Mr. Regan’s firm on June 25, 2012. While the exact date is not included in the record before the court, it is undisputed that the former assistant attorney, Mr. Sanders, resigned sometime earlier in the month of June. The date Mr. Sanders later became associated with Mr. Regan’s firm is also not included in the present record. However, even assuming that Mr. Sanders both resigned from the district attorney’s office and joined Mr. Reagan’s firm to carry its burden as the objecting party[1] to show that the notice required by Rule 1.11(b)(2) of the Rules of Professional Conduct was not given “promptly.”
| gSubparagraphs (a),(b)(1), and (b)(2) of Rule 1.11 contain a regiment of consideration, decisions, and actions by counsel and possibly by the client. For example, subp. b(l) requires that a former government attorney be effectively “screened” from participating in matters in which the attorney was formerly engaged for the government. The Rule does not call for immediate notice to the government, but rather, notice that is given “promptly,” a word affording some degree of discretion, both by a firm and by a court when evaluating the timeliness of a firm’s actions.
In its writ application, the state has not specified when the most pivotal events occurred, namely when Mr. Sanders left the district attorney’s office and when he began his working association with Mr. Re-gan’s firm. From what the state supplied, there could not have been more that twenty-four days which transpired before the state filed the motion. Because a criminal defendant’s right to choice of private counsel in recognized by both the state and federal constitutions,[2] this court must insist on the state carrying every aspect of its burden to show that Mr. Regan’s firm failed to “promptly” give notice; therefore, the exact dates of the events at issue are parts of what the state must show. Possibly, for this very reason, the court of appeal denied relief to the state with the pointed comment that the denial was “[biased upon the showing made.” State v. Clausen, 12-K-1193, p. 1 (9/4/12), — So.3d-. Given the vast discretion afforded the trial judge and the right of the defendant to chose his own attorney, I respectfully dissent.

. See Walker v. State, Dept. of Transp. and Development, 01-2078, p.4 (La.5/14/02), 817 So.2d 57, 60.

. "Similar to the federal [Supreme C]ourt, this court has determined that the right to counsel of choice extends to a criminal defendant who has hired his own counsel.” State v. Reeves, 06-2419, p.38 (La.5/5/09), 11 So.3d 1031, 1057.