FREDERICKA HOMBERG WICKER, Judge.
[gThe law firm of Davis and Duncan, L.L.C., appeals the trial court’s judgment disqualifying the firm in the matter entitled Shannon Jones and Jennifer Jones, individually and on behalf of their daughter, Haley Jones v. ABC Insurance Company and Cobe Cardiovascular, Inc., et al., in the Twenty-Fourth Judicial District Court, no. 535-525 “J.” First, we find the *610 judgment at issue is not a final, appealable judgment. See La. C.C.P. art.2083; La. C.C.P. art.1915; T.S.L. v. G.L., 07-01552 (La.App. 3 Cir. 2/6/08), 976 So.2d 793. However, in the interest of justice and under the exceptional circumstances in this case, we convert the appeal to a writ application reviewable under our supervisory jurisdiction. Because we find that the trial court did not err in finding that relator, Davis and Duncan, L.L.C., has an irreconcilable conflict of interest prohibiting its representation in this matter, we deny the writ.
This case involves a medical malpractice and products liability action filed by Shannon Jones and Jennifer Brunelle, individually and on behalf of their minor daughter, Haley Jones, for damages Haley sustained during heart surgery she | (¡underwent as an infant and for her parents’ individual loss of consortium claims. The matter was partially settled by a lump sum settlement reached with the manufacturer defendants, Polystan A/S and Cobe Cardiovascular, Inc., but allocation of funds was not determined at the time of settlement. The trial court subsequently allocated the settlement funds between Haley’s claims and her mother’s individual claims.[1]
Mrs. Brunelle, individually and on behalf of Haley Jones, subsequently filed a legal malpractice action against various attorneys who represented plaintiffs during the medical malpractice and products liability proceedings. There is a separate appeal in this Court, under docket number 11-CA-632, concerning the settlement allocation judgment in the underlying tort claim and the granting of summary judgment in favor of defendants in the legal malpractice proceedings.
Throughout the complicated procedural history of this case, the trial court and this Court have found that conflicts of interest exist among the attorneys representing the parties. On March 23, 2012, this Court ordered the trial court to conduct a hearing to “consider any potential or actual conflicts of interest present in the ease to ensure that the interests of the minor, Haley Jones, are adequately protected and represented.” The trial court conducted a hearing and, on June 29, 2012, issued a judgment disqualifying relator, Davis & Duncan, L.L.C., holding that the law firm has irreconcilable conflicts of interest in its representation of Jennifer Brunelle, either individually or on behalf of the minor child, Haley Jones. Relator timely seeks review of that judgment.

DISCUSSION

The customary remedy for an alleged conflict of interest is disqualification of the attorney or firm with the conflict. Walker v. State, Dep’t of Transp. & Dev., 01-2078 (La.5/14/02), 817 So.2d 57, 59-60. In determining whether a conflict of interest exists, we look to the Rules of Professional Conduct, which have the force and effect of substantive law. In re Tutorship of Prop. of Huddleston, 95-97 (La.App. 5 Cir. 4/25/95), 655 So.2d 416, 422.
Rule 1.7 of the Rules of Professional Conduct[2] prohibits representation of *611 clients with a “concurrent conflict of interest.” Rule 1.7 provides that a lawyer must not represent a client if the representation will be directly adverse to another client or will materially limit the lawyer’s responsibility to another client. In re Merlin A. Abadie Inter Vivos Trust, 00-2029 (La.App. 4 Cir. 7/11/01), 791 So.2d 181, 185.
Further, Rule 1.9 of the Rules of Professional Conduct[3] seeks to prevent a conflict of interest between a lawyer and a former client by providing that a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person’s 15interests are materially adverse to the interests of the former client. Farrington v. Law Firm of Sessions, Fishman, 96-1486 (La.2/25/97), 687 So.2d 997, 1000-01. Two matters are “substantially related” when they are so interrelated both in fact and substance that a reasonable person would not be able to disassociate the two. Walker v. State, Dep’t of Transp. & Dev., 01-2078 (La.5/14/02), 817 So.2d at 61-62.
In this case, the record reflects that, on May 29, 2009, Davis and Duncan enrolled as counsel of record for “Jennifer Brunelle, individually and on behalf of her minor child, Haley Jones.” Prior to Davis and Duncan’s enrollment as counsel, plaintiffs had reached a partial lump sum settlement of $8,250,000.00. However, the parties failed to allocate what percentage of the settlement funds would compensate Mrs. Brunelle’s individual claims and what percentage would compensate Haley for her injuries. Accordingly, once the parties reached the lump sum settlement without allocating the funds, Mrs. Brunelle and her daughter Haley had materially adverse interests and competing claims to those settlement funds.
Davis and Duncan asserts that the firm has primarily represented Jennifer Bru- *612 nelle only in her capacity as tutor of the minor child in the 22nd Judicial District Court tutorship proceedings and has been uninvolved in the allocation proceedings in the 24th Judicial District Court. Davis and Duncan asserts that the pleadings the firm filed in the 24th Judicial District Court related only to a common goal of all parties — to get the settlement proceeds into the registry of the court to earn interest for the benefit of all parties.
The record reflects that Davis and Duncan filed pleadings in the 24th Judicial District Court on behalf of Jennifer Brunelle, individually and on behalf of the minor child, Haley Jones, to have the settlement funds deposited into the registry of the court while awaiting the court’s allocation of the funds. Thereafter, on | ^September 29, 2009, Davis and Duncan represented Jennifer Brunelle, individually and on behalf of her minor child, Haley Jones, when the parties entered into a Consent Judgment. In that Consent Judgment, the trial court granted authority to the parties to enter into settlement with the manufacturer defendants; to receive settlement proceeds and deposit those proceeds into the registry of the court; and .to dismiss with prejudice all claims against the settling defendants, specifically reserving Jennifer Brunelle’s rights, individually and on behalf of Haley Jones, to any claims “she may have individually and/or on behalf of her minor child” against the remaining defendants. Davis and Duncan is the only counsel representing Jennifer Brunelle individually in that consent judgment, wherein she reserves her individual claims against the remaining defendants.
Although the record reflects that Davis and Duncan primarily represented Jennifer Brunelle in her capacity as tutor in the 22nd Judicial District Court, it clearly reflects that Davis and Duncan represented Mrs. Brunelle in her individual capacity in the personal injury action and made arguments to the court to protect Mrs. Bru-nelle’s individual claims.[4]
Therefore, we find that Davis and Duncan has previously represented Mrs. Bru-nelle individually and on behalf of Haley Jones in this matter, where she and her daughter have adverse interests relating to the settlement reached. Accordingly, Rules 1.7 and 1.9 of the Rules of Professional Conduct prohibit Davis and Duncan from representing either Mrs. Brunelle individually or in her capacity as tutor on behalf of her child, Haley Jones. Although Davis and Duncan argues that the tutorship proceedings are separate proceedings in which Mrs. 17Brunelle and Haley do not have conflicting interests, we find the two matters to be interrelated in both fact and substance such that the two matters are substantially related under the facts of this case.[5] As such, we find the trial court did not err in its judgment disqualifying Davis and Duncan from this matter and prohibiting Davis and Duncan from representing Mrs. Brunelle individually or on behalf of her daughter, Haley Jones, in any other matter in which the minor child is a party. This writ is denied.
*613 APPEAL CONVERTED TO WRIT; WRIT DENIED

. Shannon Jones, Haley’s father, has dismissed his individual claim for loss of consortium.

. Rule 1.7, entitled "Conflict of Interest: Current Clients[,]” provides:
(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
(1) the representation of one client will be directly adverse to another client; or
(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or *611 a third person or by a personal interest of the lawyer.
(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing.

. Rule 1.9, entitled “Duties to Former Clientsf,]” provides:
(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
(1) whose interests are materially adverse to that person; and
(2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

. The record reflects that, on September 25, 2009, Davis and Duncan also filed, on behalf of Jennifer Brunelle individually, an opposition to Mr. Jones’ motion to enforce the settlement, arguing that the 24th Judicial District Court lacked jurisdiction to consider the motion. In her opposition, Mrs. Brunelle individually, through counsel Davis and Duncan, discusses the lump sum settlement and specifically "reserves” her rights against the settling defendants for her individual claims.

. The record reflects that Davis and Duncan in fact filed a motion to have the settlement funds allocated by the trial judge in the tutorship proceedings in the 22nd Judicial District Court.