# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

WASHINGTON-ST. TAMMANY
ELECTRIC COOPERATIVE, INC.
AND CLAIBORNE ELECTRIC
COOPERATIVE, INC.

NO.  2020 CW 1152

VERSUS

LOUISIANA GENERATING, L.L.C.

DECEMBER 4, 2020

---

In Re:    Louisiana Generating, L.L.C., applying for supervisory
          writs, 19th Judicial District Court, Parish of East
          Baton Rouge, No. 695287.

---

**BEFORE:   HIGGINBOTHAM, THERIOT, AND WOLFE, JJ.**

   **STAY DENIED; WRIT DENIED.**

**MRT**
**EW**

   **Higginbotham, J., concurs in part and dissents in part.**  I
concur in the denial of the stay and in the denial of the writ
application as to the portion of the judgment which denied the
motion to disqualify the law firm of Talley, Anthony, Hughes &
Knight, LLC and its attorneys.  However, I would reverse the
portion of the trial court's November 9, 2020 judgment which
denied the Motion to Revoke Pro Hac Vice Admission and Motion to
Disqualify Counsel of Record for Plaintiffs filed by defendant,
Louisiana Generating, LLC, as to the law firm of Van Ness
Feldman and its attorneys.  Rule 1.9(a) of the Louisiana Rules
of Professional Conduct provides that a lawyer who has formerly
represented a client in a matter shall not thereafter represent
another person in the same or a substantially related matter in
which that person's interests are materially adverse to the
interests of the former client unless the former client gives
informed consent, confirmed in writing.  There is no dispute
herein that the law firm of Van Ness Feldman previously had an
attorney-client relationship with defendant.  Two matters are
considered "substantially related" when they are so interrelated
both in fact and substance that a reasonable person would not be
able to dissociate the two.  **Walker v. State, Dept. of
Transportation and Development,** 2001-2079 (La. 5/14/02), 817
So.2d 57, 60.  Evidence was produced herein that the law firm of
Van Ness Feldman, in connection with its prior representation of
defendant, commented and opined as to certain provisions in the
contract, which is the contract that plaintiffs allege herein
was breached by defendant, thereby providing legal advice as to
the same contract.  As a result, I find that the pro hac vice
admission of the law firm of Van Ness Feldman and its attorneys
should be revoked and it should be disqualified from
representation of the plaintiffs herein.

COURT OF APPEAL, FIRST CIRCUIT

_____
       DEPUTY CLERK OF COURT
          FOR THE COURT