| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY | NO. 21-C-52 |
| VERSUS | FIFTH CIRCUIT |
| | COURT OF APPEAL |
| BRUCE FUSELIER, JR. AND TONYA L. GEGENHEIMER | STATE OF LOUISIANA |

April 21, 2021

Susan Buchholz

First Deputy Clerk

**IN RE** TONYA L. GEGENHEIMER

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE ROBERT J. BURNS, JUDGE PRO TEMPORE, DIVISION "D", NUMBER 759-140

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Robert A. Chaisson

## WRIT GRANTED

Relator, Tonya Gegenheimer, seeks review of the trial court's January 7, 2021 judgment that granted the motion to disqualify her counsel, Leo Prange, III, filed by Respondent, Transamerica Life Insurance Company ("Transamerica"). Ms. Gegenheimer alleges that Transamerica failed to prove that extraordinary circumstances existed for it to depose Mr. Prange pursuant to La. C.C.P. art. 1452(B), and the trial court was erroneous in its finding that Mr. Prange is likely to be a necessary witness under Louisiana Rules of Professional Conduct, Rule 3.7.

In its brief to the trial court, Transamerica argued that Mr. Prange should be disqualified because, should this matter proceed to trial, he may have to call himself as the primary witness. Transamerica contended that it will have to call Mr. Prange as a witness to speak about the details regarding Mrs. Fuselier's mental capacity at the time the 2010 will was drafted; her capacity in the years between 2010 and her death; and, all information actually given to Transamerica related to the wills, Mrs. Fuselier's disinheritance of Bruce Fuselier, Jr., and Mrs. Fuselier's mental capacity on or before January 6, 2016.

In its oral reasons for judgment, the trial court stated, in pertinent part,

I am aware of the Rules of Professional Conduct, more specifically, 3.7, which states that a lawyer should not act as an advocate at a trial in which the lawyer is likely to be a witness and there were certain criteria related to that. Number one, whether the testimony relates to uncontested issues, whether the testimony relates to the nature

and value of the legal services rendered, or disqualification of the lawyer would work a substantial hardship. So, under those three conditions that I've just read, the Court should not disqualify a lawyer.

In this case, I don't believe disqualification of the lawyer would work any substantial hardship on the client and, also, I think that Transamerica has made a showing here today that Mr. Prange will have to be a necessary witness in this case in order for Transamerica to defend its position and rebut the allegations made and the penalties sought against defendant, Transamerica.

So, for the brief reasons I have read into the record, I believe there is merit to this motion and today I grant the motion, which is extraordinary in nature, admittedly. But, based upon the peculiar facts of this case, I believe Mr. Prange needs to be deposed and it seems to me that the Motion to Disqualify Counsel has to be granted before his deposition.

For the reasons stated today, I grant the Motion to Disqualify Leo Prange as counsel of record for Tonya Gegenheimer pending further Orders of this Court.

A court's ruling a motion to disqualify counsel is reviewable by application for supervisory writ. *Succession of Armand*, 19-751 (La. App. 3 Cir. 2/27/20); 297 So.3d 37, citing *Keith v. Keith*, 48,919 (La. App. 2 Cir. 5/15/14); 140 So.3d 1202. A motion to disqualify counsel requires the court to balance important factors: 1) the right of a party to retain counsel of his choice; and 2) the substantial hardship that may result from disqualification as against the public perception of and the public trust in the judicial system. *Id.*, citing *Dhaliwal v. Dhaliwal*, 49,973 (La. App. 2 Cir. 11/25/15); 184 So.3d 773, 781, *writ denied*, 16-236 (La. 4/4/16); 190 So.3d 1204. The disqualification of counsel must be decided on a case-by-case basis. *Id.* The burden of proving disqualification of an attorney or other officer of the court rests on the party making the challenge. *Id.*, citing *Walker v. State, Dep't of Transp. & Dev.*, 01-2078, 01-2079 (La. 5/14/02); 817 So.2d 57, 60. The refusal to disqualify an attorney is typically subject to review under the manifest error standard. *Id.*, citing *McCann v. ABC Ins. Co.*, 93-1789 (La. App. 4 Cir. 7/14/94); 640 So.2d 865, 874.

After review, we find that the trial court was manifestly erroneous in its disqualification of Mr. Prange as Ms. Gegenheimer's counsel of record at this time. On the showing made, we find that Transamerica has not established that Mr. Prange is a necessary witness as to the issues to be litigated at trial. Rather, Transamerica's motion to disqualify Mr. Prange as Ms. Gegenheimer's counsel of record asserts only speculative grounds for disqualifying Mr. Prange as counsel for Ms. Gegenheimer (*e.g.*, "he is *likely* to be a necessary witness in this litigation," "Mr. Prange … *likely* interacted with her, … *may have been involved* in Jody Fuselier's sixth change of Beneficiary Designation, .. and *may have advised her* on any purported implication of such a designation."). (Emphasis added). We agree with Ms. Gegenheimer's assertion that disqualification of Mr. Prange is not warranted at this time and that the taking of Mr. Prange's deposition would be in the nature of a "fishing expedition."

While Mr. Prange's testimony may hold special credence by providing insight into Mrs. Fuselier's mental capacity at the times the beneficiaries were changed and

the will was drafted,[1] the mental capacity of Mrs. Fuselier at the relevant times can be determined by other means.  Furthermore, any communication between Mr. Prange and Transamerica can be obtain through a Transamerica representative.  As such, we find that Transamerica failed to meet its burden of proving Mr. Prange should be disqualified as counsel of record for Ms. Gegenheimer at this time.  As discovery continues, the trial court can revisit this issue in the future upon proper motion made, if warranted.

Accordingly, we grant the writ application and reverse the trial court's disqualification of Leo Prange as the counsel of record for Tonya Gegenheimer.

Gretna, Louisiana, this 21st day of April, 2021.

**MEJ**
**JGG**
**RAC**

---

[1] *Compare Succession of Mack*, 535 so.2d 461, 464 (La. App. 4th Cir. 1989), where the court held that the testimony of a notary holds a special credence when testamentary capacity is disputed; *see also*, *In re Succession of Sirgo*, 14-324 (La. App. 5 Cir. 10/29/14); 164 So.3d 832, 839, *writ denied*, 14-2638 (La. 3/6/15); 160 So.3d 1288, *citing*, *Succession of Mack*.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **04/21/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-52**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Robert J. Burns, Judge Pro Tempore (DISTRICT JUDGE)
Hon. Scott U. Schlegel (DISTRICT JUDGE)
Richard E. McCormack (Respondent)
Kelly Gayle Juneau Rookard (Respondent)

### MAILED

Edward W. Trapolin (Respondent)
Gretchen F. Richards (Respondent)
Laura A. Leggette (Respondent)
Attorney at Law
400 Poydras Street
Suite 2700
New Orleans, LA 70130

John E. Sudderth (Relator)
Attorney at Law
917 North Causeway Boulevard
Metairie, LA 70001

4/21/21

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John E. Sudderth
Attorney at Law
917 North Causeway Boulevard
Metairie, LA 70001
21-C-52                    04-21-21

9590 9402 2434 6249 3595 08

2. Article Number *(Transfer from service label)*

7015 0640 0006 9935 3565

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

4/21/21

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Laura A. Leggette/Edward W. Trapolin
Gretchen F. Richards
Attorneys at Law
400 Poydras Street - Suite 2700
New Orleans, LA 70130
21-C-52                    04-21-21

9590 9402 2434 6249 3594 23

2. Article Number (Transfer from service label)

7015 0640 0006 9935 3572

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X   K J                            ☐ Agent
                                   ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
   C19                                4/23/21

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt