# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DOUGLAS ROBINS, ET AL                               NO.  2021 CW 1274

MOHAMMAD ZOHAIR PIRZADAH, M.D.,
ET AL

        CONSOLIDATED WITH

DOUGLAS ROBINS AND KATHERINE
ROBINS

VERSUS
                                        **DECEMBER 20, 2021**

MOHAMMAD ZOHAIR PIRZADAH, M.D.,
AND CHARLES LANE PEARSON, JR.,
M.D.

---

In Re:    Douglas Robins and Katherine Robins, applying for
          supervisory writs, 19th Judicial District Court,
          Parish of East Baton Rouge, Nos. 642149 c/w 698066.

---

**BEFORE:    McCLENDON, WELCH, AND THERIOT, JJ.**

    **WRIT GRANTED.** The trial court's August 26, 2021 ruling which disqualified John L. Hammons from serving as counsel herein is reversed. The burden of proving disqualification of an attorney or other officer of the court rests on the party making the challenge. **Succession of Armand,** 2019-751 (La. App. 3rd Cir. 2/27/20), 297 So.3d 37, 40, citing **Walker v. State, Dep't of Transp. and Development,** 2001-2078, 2001-2079 (La. 5/14/02), 817 So.2d 57, 60. When a party raises an exception or motion that must be proven, it is that party's burden to present evidence establishing the claims made therein. **Landis Construction Co., LLC v. State of Louisiana,** 2015-1167 (La. App. 1st Cir. 2/29/16), 199 So.3d 1, 2. Here, although the parties attached documents to their motions, these documents were never formally introduced. Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. **Denoux v. Vessel Management Services, Inc.,** 2007-2143 (La. 5/21/08), 983 So.2d 84, 88. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. **Id.** Defendants, Mohammad Zohair Pirzadah, M.D. and Charles Lane Pearson, Jr., M.D., failed to meet their burden of proof, and therefore, we find the trial court erred in granting the motion. The motion to disqualify counsel is denied.

                        PMc
                        JEW

    **Theriot, J.,** concurs. A lawyer is not likely to be a necessary witness when evidence pertaining to each matter to which he could testify is available from another source. See **Horaist v. Doctor's Hospital of Opelousas,** 255 F.3d 261, 267 (5th Cir. 2001). I find that based on the documents presented and arguments asserted, defendants, Mohammad Zohair Pirzadah, M.D. and Charles Lane Pearson, Jr., M.D., will be able to

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

support their defense against this nullity action using sources other than Mr. Hammons' testimony. Therefore, I concur in granting the writ and reversing the trial court's August 26, 2021 ruling which disqualified John L. Hammons from serving as counsel.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT