hDECUIR, Judge.
Shell Oil Company appeals the dismissal of its third party demand against Rosewood Resources, Inc. Rosewood seeks to have the appeal deferred or consolidated.
FACTS
The main demand in this case was filed on May 14, 1992, and involves claims for damages relating to decades of oil and gas production on the plaintiffs’ property. Shell was a defendant on the main demand. Rosewood, as a successor to Shell’s mineral lease on plaintiffs’ land, was a defendant on Shell’s third party demand. Rosewood was also made a defendant on the main demand, but settled with the plaintiffs on September 1, 1999. As a part of that settlement, plaintiffs agreed to defend and indemnify Rosewood on the claims presented by Shell.
When this suit originated, Shell was represented by the law firm of Adams & Reese. However, on September 29, 1999, Liskow & Lewis enrolled as counsel for Shell and assumed primary responsibility for Shell’s representation, though Adams & Reese did not withdraw. On the Friday before the commencement of a three-week trial on Monday, and nearly eight months after Liskow & Lewis enrolled as counsel for Shell, counsel for Rosewood wrote the district court alleging that Liskow & Lewis had a conflict of interest with Rosewood. The district court acknowledged receipt of a letter in open court, but the letter does not appear in the record.
On the morning of trial, without a motion to disqualify, or prior notice to Shell, the district court heard arguments from counsel on the alleged conflict. The substance of Rosewood’s allegation was that Liskow & Lewis was representing Kingfisher Resources, Inc., a corporate affiliate of Rosewood in a totally unrelated matter in federal court. The district court took no documentary evidence regarding the existence of a conflict. The alleged conflict is only described in the argument | ¡^presented by counsel. After hearing argument, the district court presented Shell with an ultimatum, either allow Adams & Reese to take over representation (without a continuance), agree to a stipulation proposed by Rosewood that changed (arguably to the benefit of the plaintiff rather than Rosewood) during the course of the hearing, or dismiss the third party demand with prejudice. When Shell declined to take any of the options, the district court dismissed the thud party demand against Rosewood with prejudice and proceeded to trial on the main demand. Shell lodged this appeal. Plaintiffs filed a motion with this court to defer and consolidate this appeal with the anticipated appeal from the main demand that will follow shortly.
MOTION TO DEFER AND CONSOLIDATE
The plaintiffs filed a motion to defer this appeal and consolidate it with the *599 anticipated appeal from the judgment in the underlying case. They contend that this matter should be considered in the context of the underlying appeal. We find no merit to this contention. The issues raised here regarding attorney conflict of interest are easily separable from the main demand and our resolution of them will have no impact on the judgment in the underlying matter. Accordingly, the plaintiffs’ motion to defer and consolidate is denied.
DISMISSAL OF THIRD PARTY DEMAND
Shell alleges that the trial court erred in dismissing its third party demand against Rosewood based on an alleged conflict of interest. We agree.
The customary remedy for an alleged conflict of interest is disqualification of the attorney or firm with the conflict. In this case, the trial court dismissed Shell’s substantive claim against Rosewood. While Shell questions the propriety of this ruling, we choose to decide the issue on other grounds. However, we note that the | ¡¡parties have cited no cases where the trial court dismissed a case for attorney conflict of interest, nor have we found any.
Shell first argues that the trial court erred in dismissing its claim because the evidence failed to establish conflict of interest warranting disqualification. The record before us supports that contention. The letter from Rosewood referred to by the trial judge is not in the record. There is no documentary evidence supporting Rosewood’s allegation of a conflict of interest on the part of Liskow & Lewis or of Rosewood’s relationship with Kingfisher. The only time the conflict of interest issue appears in the record is in the transcript of the arguments presented by the attorneys to the trial court. The circumstances surrounding the alleged representation and its relationship to the matter before the court are not sufficiently developed to support a finding of conflict of interest. Accordingly, we find there is insufficient evidence in the record to support disqualification of Liskow & Lewis or the trial court’s dismissal of Shell’s third party demand against Rosewood.
While ordinarily our findings would warrant a remand for farther evidence, the circumstances of this case make that unnecessary. In Brasseaux v. Girouard, 214 So.2d 401 (La.App. 3 Cir.), unit refused, 253 La. 60, 216 So.2d 307 (1968), we noted that disqualification could be used as an obstructive tactic and, therefore, the right to urge disqualification of an opposing counsel may be waived by the failure to raise the issue early in the proceedings. In this case, Rosewood knew of Liskow & Lewis’ representation for nearly eight months and did not seek disqualification until the eve of trial. Under these circumstances, we find that Rosewood waived its right to raise the issue in this case. Accordingly, we reverse only the ruling of the trial court dismissing Shell’s third party demand against Rosewood and remand the matter for | ¿further proceedings. Our opinion herein shall not affect the results of the trial on the merits of this matter, nor the appeal of the judgment rendered therein.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings. All costs of this appeal are taxed to appellees.
REVERSED AND REMANDED.