SUSAN M. CHEHARDY, Chief Judge.
|gOn appeal, a criminal defense attorney challenges the trial court’s ruling holding him in contempt of court. For the following reasons, we reverse.

Facts and Procedural History

On November 28, 2011, Shauntelle Mitchell was charged with negligent homicide, in violation of La. R.S. 14:32. On February 4, 2013, Ms. Mitchell pled guilty as charged and the trial judge sentenced her to five years imprisonment, to be served on home incarceration.
On September 17, 2014, Ms. Mitchell, through her counsel of record, Aidan Shah, filed an Ex Parte Motion to Modify Conditions of Home Incarceration to be with Minor Child for Ovemite [sic] Hospital Stay. In this motion, Mr. Shah stated, “Home Incarceration Officer Parker has no objections to this request.” That day, the trial judge granted the modification, which was served on the Home Incarceration Officer.
*205 ■ On September 23, 2014, the trial judge, on its own motion, issued an Order vacating its grant of the Ex Parte Motion to Modify Home Incarceration and setting the matter for a hearing. • - The trial judge stated that the -court was originally led to believe that Ms. Mitchell's “Home Incarceration Officer, Dana Parker, had [-¡no objection to. the request. [but] has since been informed by Officer Parker that she had no knowledge of the requést to-modify conditions of home incarceration.” Further, the trial judge issued a Rule to Show Cause to defense counsel, Aidan Shah, “why he-should not be held in. contempt of court for misrepresenting -to the Court the consent of the defendant's .home incarceration officer.”
On October 2, 2014, after a hearing; the trial judge found that Aidan Shah was in contempt of court for filing a motion containing a statement,“that was-not a true and correct statement,” and imposed a fine of $100.00 “to be paid within the next 7 days.” It is from that ruling that Aidan Shah appeals.

Standard of Review

A trial court is vested with great discretion in determining whether a party should be held in contempt, and its decision will only be reversed when the appellate codrt discerns an abuse of that' discretion, de Nunez v. Bartels, 97-1384 (La.App. 1 Cir. 9/9/98), 727 So.2d 463, 469-70. Nevertheless, while it is true that the'trial court’s ultimáte decision to hold a party or attorney in contempt of court is subject to review under the abuse of discretion standard, the trial court’s underlying factual determinations in a case of criminal contempt are reviewed under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 LlEd.2d 560 (1979). In other words, with regard to the sufficiency of the trial court’s factual findings, the standard of review for a criniinal contempt is whether, after reviewing the evidence in the light most favorable to the mover, any rational trier of fact could have found the essential elements of the criminal contempt beyond a reasonable doubt. See In re Milkovich, 493 So.2d 1186, 1189 (La.1986). In short, in the case of a criminal contempt, if the facts that constitute the contemptuous conduct are proven beyond a reasonable doubt, then the trial court has great discretion in determining whether to impose a judgment of contempt based upon pits factual determinations. Id.; Rogers v. Dickens, 06-0898 (La.App. 1 Cir. 02/09/07), 959 So.2d 940, 945.

Law and Argument

On appeal,[1] Mr. Shah contends that the trial judge erred in finding him in contempt of- court as his “representation was justifiable, made in good faith and was based on Ms. Mitchell’s reasonable belief that she had ... communicated with • her home incarceration officer and that the officer had no objection to the requested modification.”
La. C.C.P. art. 371 reads:
*206 An attorney at law is an officer of the court. He shall conduct himself at all times with decorum, and in a manner consistent with the dignity and authority of the court and the role which he him- - self should play in the administration of justice.
■ He shall"... not knowingly make any misrepresentation, or otherwise impose upon or deceive the coürt.
For a violation of any of the provisions ' of this article, the attorney at law subjects himself to punishment for contempt of court, and such further disciplinary action as is otherwise provided bylaw.
A contempt proceeding is considered to be a civil matter if its purpose is to force compliance with a court order, but is treated as a criminal matter if its purpose is to punish disobedience, of a court ord.er. State in the Interest of R.J.S., 493 So.2d 1199, 1202 (La.1986). In other words, an unconditional penalty, one that the party held in contempt cannot affect or end, is criminal in nature. If the penalty imposed is criminal in nature, the burden of proof of the elements of contempt must be beyond a reasonable doubt. Hicks ex rel. Feiock v. Feiock 485 U.S. 624, 632, 108 S.Ct. 1423, 1429-1430, 99 L.Ed.2d 721 (1988).
IfiThe purpose of charging and convicting a party for criminal contempt is ’ vindication of the public interest by punishment of contemptuous conduct. Billiot v. Billiot, 01-1298 (La.1/25/02), 805 So.2d 1170, 1174; Rogers v. Dickens, supra at 947. To uphold the conviction, we must determine that the evidence, viewed in the light most favorable to the defendant, is sufficient for a rational trier of fact to conclude beyond a reasonable doubt that every element of the contempt charge was proven. Id.
In this case, at the contempt hearing, Ms. Mitchell testified that, when she was on home incarceration, her incarceration was overseen by Officer Parker, Ms. Mitchell testified that, when-she needed to be briefly released from -home incarceration, she would telephone or text message Officer Parte to ask for permission to leave the house. Ms. Mitchell testified that she had been using this form of contact with Officer Parker since the beginning of her home incarceration, which, at that point, had been about 18 months.
Ms. Mitchell identified a specific text message that she sent to Officer Parker on September 10,2014, which read:
I left you a message as well I Have To bring My daughter To Children’s Hospital and register On Saturday-9/27/2014 at 5pm for a sleep study[.] she will be discharged on Sunday 9/28/2014 and It’s Mandatory I. stay with her over night[,sie ] for the Test.
In response, Ms. Mitchell received a text message on September 11, 2014, which read:
We have recievedL'.w ] no paperwork from your court giving you permission to stay overnight at Childrens[sic ] Hospital. So this will NOT be approved . without express written consent from the. court. You[«ic ] childs[sic ] father can stay overnight. You will remain home unless I reoieve[sic ] notification otherwise. .
On September 17, 2014, Ms.; Mitchell, through her counsel of record, Aidan Shah-, filed an Ex Parte Motion to Modify Conditions of Home Incarceration \Rto be with Minor Child for Ovemite [sic] Hospital Stay. In this motion, Mr. Shah stated, “Home Incarceration Officer Parker has no objections to this request.”
At the hearing, Officer Parker testified that she was on vacation-on September 10, 2014 so she did not receive the message *207 from Ms. Mitchell. She .also testified that she did not respond to , the message on September 11, 2014. Officer Parker explained that the messages from the defendants on home incarceration that she oversees are not sent to her personal cellular telephone but rather to a “Google voice-mail account” that any officer can access. Officer Parker also stated that she did not tell anyone from Mr. Shah’s office that she had “no objection” to Ms, Mitchell staying overnight with her child at Children’s Hospital.
Thereafter, the trial judge found that, in his motion, Aidan Shah stated that Officer Parker had no objections to this request, which “was not a correct and true, statement.”
Upon review, we find.that the evidence, viewed in the light most favorable to Mr. Shah, is not sufficient for a rational trier of fact to conclude beyond a reasonable doubt that he knowingly made a misrepresentation, or deceived the court in this case. Mr. Shah’s overstatement was based on the text communication between Ms. Mitchell and the home incarceration facilitator, who Shah and Mitchell believed was Officer Parker. Accordingly, we find that the evidence is insufficient to support a finding of contempt. For the foregoing reasons, the matter is reversed.

REVERSED

LILJEBERG, J., dissents with reasons.

. A contempt judgment can be final and apr pealable, if there is statutory authority for the appeal as contemplated under La. C.C.P. art. 2083(A), or under La. C.C.P. 1915(A)(6) "when the court imposes sanctions or disciplinary action pursuant to Article, 191, 863, or 864 or Code of Evidence Article 510(G).” In re Jories, 10-66 (La.App. 5 Cir. 11/09/10), 54 So.3d 54, 57-58, writ not considered, 10-2738 (La.2/04/11), 56 So.3d.979. See Hodges v. Hodges, 02-0489, p. 8 (La.App. 3 Cir. 10/2/02), 827 So.2d 1271, 1276, writ denied, 02-2485 (La. 11/8/02), 828 So.2d 1122; Stiltner v. Stiltner, 00-2079 (La.App. 4 Cir. 11/8/00), 772 So.2d 909, 910. But see: Succession of Bell, 06-1.710 (La.App. 1 Cir. 6/8/07), 964 So.2d 1067, 1072 (Court did not discuss Article Í915 but concluded "[tjhere is no statute allowing an immediate appeal of a judgment of contempt.”).