JUDE MARULLO     *   NO. 2023-CA-0157

VERSUS       *

            COURT OF APPEAL

EXTREME MOTOR SPORTS *

OF NEW ORLEANS, LLC AND   FOURTH CIRCUIT

GEORGE ACKEL, III    *

            STATE OF LOUISIANA

       * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-04076, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)

David P. Vicknair
Caitlin B. Carrigan
James M. Montgomery, II
SCOTT VICKNAIR, LLC
909 Poydras Street, Suite 2025
New Orleans, LA 70112

   COUNSEL FOR PLAINTIFF/APPELLEE

Janna C. Bergeron
ATTORNEY AT LAW
222 N. Vermont Street, Suite T
Covington, LA 70433

   COUNSEL FOR DEFENDANT/APPELLANT

       **VACATED AND REMANDED**
       **OCTOBER 25, 2023**

NEK

PAB

DNA

Appellant, Extreme Motor Sports of New Orleans, LLC ("Extreme"), appeals the district court's judgment finding it to be in constructive contempt of court and ordering it to pay $1,500.00 in attorney's fees and $157.14 in court costs. For the following reasons, we vacate the district court's judgment and remand this matter for further proceedings.

**Relevant Facts and Procedural History**

The underlying case involves a dispute over the transfer of a 2017 Jeep Wrangler. In 2019, Appellee, Jude Marullo ("Marullo"), decided to purchase a new Jeep Wrangler. Marullo wanted to trade in his older 2017 Jeep Wrangler in order to reduce the taxes on his new purchase. Unsatisfied with the trade-in value from the Chrysler dealership, Marullo made a deal with George Ackel ("Ackel"), wherein Marullo would pay Ackel's dealership, Extreme, $45,000.00 for it to pass through to Chrysler. Chrysler then deducted the $45,000.00 from the sale price of the new Jeep, thus reducing the taxable balance. The parties agreed that Ackel would not buy the 2017 Jeep Wrangler. Rather, after the pass through was completed, Ackel would attempt to sell the 2017 Jeep Wrangler on behalf of Marullo for $45,000.00. However, when Ackel could not find a buyer for that price, Marullo requested that

1

the vehicle be transferred to another dealership. At this point, a dispute arose between the parties regarding the transfer of the vehicle, and this suit followed.

On March 8, 2022, the parties appeared before the district court for a bench trial. At the conclusion of the trial, the court ordered Extreme to return the Jeep to Marullo within forty-five days of the rendition of the judgment. The court also ordered Marullo to bear the responsibility of having the vehicle's title transferred back to his name. Per the court's judgment, Extreme had until April 22, 2022, to return the vehicle to Marullo. It is undisputed that this did not happen. Extreme did not make the vehicle available for Marullo to pick up until April 26, 2022. The next day, Marullo filed a motion for contempt.

The district court held a hearing on the motion for contempt on October 20, 2022, and granted the motion at the conclusion of the hearing. On November 10, 2022, the court issued a written judgment finding Extreme to be in constructive contempt of court and ordering it to pay $1,500.00 in attorney's fees and $157.14 in court costs. Extreme filed a devolutive appeal on January 9, 2023, and the district court granted the appeal.

## Assignment of Error

Extreme's sole assignment of error is that the district court manifestly erred in finding it to be in constructive contempt of court and ordering it to pay attorney's fees and costs.

## Discussion

### Contempt of Court, Generally

Contempt of court is "any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." La. C.C.P. art. 221. Direct contempt of court is either a

contempt committed in the presence of the court or a party's failure to comply with a subpoena or summons. *See* La. C.C.P. art. 222. Constructive contempt is "any contempt other than a direct one." La. C.C.P. art. 224. Constructive contempt includes a party's willful disobedience of a lawful judgment. *Id*. at (2). In order to hold a party in constructive contempt, the district court must find that the party committed the violation "intentionally, purposely, and without justifiable excuse." *State through Dep't of Child. & Fam. Servs. Child Support Enf't v. Knapp*, 2016-0979, p. 13 (La. App. 4 Cir. 4/12/17), 216 So. 3d 130, 140 (quoting *Burst v. Schmolke*, 2010-1036, p. 6 (La. App. 4 Cir. 4/6/11), 62 So. 3d 829, 833).

***Nature of Contempt Proceedings***

Our review of this case hinges on the nature of the contempt proceeding that took place. "Contempt of court proceedings are either criminal or civil" in nature. *Succession of Bailey*, 2020-0145, p. 5 (La. App. 4 Cir. 11/18/20), 311 So. 3d 422, 425 (citing *Dazet Mortg. Sols. LLC v. Faia*, 2012-486, p. 7 (La. App. 5 Cir. 4/10/13), 116 So. 3d 711, 717). To determine the nature of a contempt proceeding, the appellate court must look to "the nature of the punishment imposed—that is, whether the punishment is remedial or punitive." *Streiffer v. Deltatech Constr., LLC*, 2019-0990, p. 7 (La. App. 4 Cir. 3/25/20), 294 So. 3d 564, 572. In a civil suit, a contempt proceeding is civil in nature if the purpose of the proceeding is to force compliance with a court order, but it is criminal in nature if the purpose is to punish disobedience of a court order. *Parish of Jefferson v. Lafreniere Park Found.*, 1998-345, p. 8 (La. App. 5 Cir. 9/15/98), 720 So. 2d 359, 364 (citations omitted). Civil contempt is remedial in nature and is imposed for the benefit of the complainant, whereas criminal contempt is punitive in nature and meant to vindicate the authority of the court. *Streiffer*, 2019-0990, p. 8, 294 So. 3d at 572

3

(quoting *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 631, 108 S. Ct. 1423, 1429, 99 L.Ed.2d 721 (1988)). Furthermore, if the court orders that a fine be imposed, the fine is considered remedial when it is paid to the complainant and punitive when it is paid to the court. *Id*. (quoting *Hicks ex rel. Feiock*, 485 U.S. at 632, 108 S. Ct. at 1429

In a civil contempt proceeding, the mover must prove the contempt through a preponderance of the evidence. *Id*. at p. 9, 294 So. 3d at 573 (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827, 114 S. Ct. 2552, 2557, 129 L. Ed.2d 641 (1994)). When a district court holds a party in civil contempt, the appellate court will review the ruling under a manifest error standard and, if sufficient evidence was presented, the appellate court will only reverse the ruling if it can find that the district court abused its discretion. *Id*. at p. 9, 294 So. 3d at 573 (citations omitted). However, if the district court holds a party in criminal contempt, the role of the appellate court is to review the evidence in a light most favorable to the mover and determine whether the evidence "was sufficient for a rational trier of fact to conclude that every element of the contempt charge was proved beyond a reasonable doubt." *Billiot v. Billiot*, 2001-1298, p. 5 (La. 1/25/02), 805 So. 2d 1170, 1174 (citing *State in Interest of R.J.S.*, 493 So. 2d 1199, 1202 (La. 1986)). In a criminal contempt proceeding, the mover bears the burden of proving the elements of the contempt beyond a reasonable doubt. *See State v. Mitchell*, 2015-169, p. 4 (La. App. 5 Cir. 10/28/15), 178 So. 3d 203, 206 (citing *Hicks ex rel. Feiock*, 485 U.S. at 632, 108 S. Ct. at 1429-30).

### *Did the district court err in finding Extreme to be in contempt of court?*

Looking at the facts of the case, the contempt proceeding was civil in nature because the only relief provided was attorney's fees and court costs that were to be

4

paid to Marullo. The court did not impose a punitive fine for the benefit of the court. As such, we review the district court's ruling to determine whether Marullo presented sufficient evidence for the district court to determine that Extreme willfully violated the judgment.

At the hearing on the motion for contempt, Marullo bore the burden of proving that Extreme defied the district court's judgment intentionally, purposely, and without a justifiable excuse. To do so, Marullo relied on emails attached to his motion to prove Extreme's willful disobedience. These emails show an exchange between counsel regarding the transfer of the Jeep. However, Marullo failed to formally introduce these emails into evidence. Courts cannot consider evidence that has not been properly and officially offered and introduced. *Landis Constr. Co. v. State*, 2015-1167, p. 3 (La. App. 1 Cir. 2/29/16), 199 So. 3d 1, 2-3 (citing *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La. 5/21/08), 983 So. 2d 84, 88). Documents that are attached to memoranda but not formally introduced are not evidence. *Id*. Exhibits attached to a pleading are considered a part of that pleading. La. C.C.P. art. 853. However, pleadings and attachments to motions are not evidence. *E.g. Andrews v. Marts*, 2022-0576, p. 6 (La. App. 1 Cir. 11/15/22), 356 So. 3d 1059, 1063; *Succession of Feingerts*, 2017-0265, p. 11 (La. App. 4 Cir. 12/21/17), 234 So. 3d 1081, 1089. Even though these emails were attached to Marullo's motion and referenced at the hearing, they cannot be considered because they were never formally introduced and admitted.

No other evidence was introduced at the hearing. There was nothing properly before the district court for it to determine Extreme's intention in failing to timely return the Jeep. As such, we find that based on the lack of evidence presented, Marullo failed to meet his burden, and the district court could not

5

conclude that Extreme willfully disobeyed its judgment. Thus, the district court clearly erred in finding Extreme to be in constructive contempt of court. *See Riley v. Pennix*, 442 So. 2d 563, 565 (La. App. 1st Cir. 1983) (citing *Arceneaux v. Domingue*, 365 So. 2d 1330 (La. 1978) ("At the hearing, plaintiff formally introduced neither testimonial nor documentary evidence tending to prove the alleged fact of defendant's wilful disobedience. . . . The finding of wilful disobedience on the basis of a total absence of proof is clearly erroneous.").

## Decree

For the foregoing reasons, we hold that the district court erred in finding Extreme to be in constructive contempt of court, vacate its judgment, and remand the matter for further proceedings consistent with this opinion.

**VACATED AND REMANDED**