RICK M. SUTTON, INDIVIDUALLY AND DERIVATELY ON BEHALF OF RJANO HOLDINGS, INC. AND MAISON ROYALE, LLC

        \*

VERSUS

        \*

JACK ADAMS, MAISON ROYALE, LLC AND RJANO, INC.

        \* \* \* \* \* \* \*

NO. 2024-CA-0287

COURT OF APPEAL

FOURTH CIRCUIT

STATE OF LOUISIANA

__CONSOLIDATED WITH:__

JACK ADAMS

VERSUS

RICK M. SUTTON

__CONSOLIDATED WITH:__

RICK M. SUTTON, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF RJANO HOLDINGS, INC. AND MAISON ROYALE, LLC

VERSUS

JACK ADAMS, MAISON ROYALE, LLC AND RJANO, INC.

__CONSOLIDATED WITH:__

JACK ADAMS

VERSUS

RICK SUTTON

__CONSOLIDATED WITH:__

NO. 2024-CA-0288

__CONSOLIDATED WITH:__

NO. 2024-CA-0387

__CONSOLIDATED WITH:__

NO. 2024-CA-0390

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-10709, DIVISION "N-8"
HONORABLE Guy Holdridge
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Dale N. Atkins, Judge Karen K. Herman)

Robert G. Harvey, Sr.
LAW OFFICE OF ROBERT G. HARVEY, SR., APLC
600 North Carrollton Avenue
New Orleans, LA 70119

    COUNSEL FOR APPELLEE/RICK SUTTON


James M. Garner
Joshua S. Force
Stuart D. Kottle
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street
28th Floor
New Orleans, LA 70112

    COUNSEL FOR APPELLANT/KIM BOYLE AND PHELPS DUNBAR,
    LLP


Stephanie M. Poucher
Allen C. Miller, Sr.
Kim M. Boyle
PHELPS DUNBAR, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

Charles L. Rice, Jr.
RICE LAW GROUP, LLC
3501 Tulane Ave
New Orleans, LA 70119


    COUNSEL FOR APPELLANT/JACK ADAMS

                 **REVERSED**
             **MARCH 21, 2025**

*DLD*
*DNA*
*KKH*

Appellants, Jack Adams, Kim Boyle and the law firm of Phelps Dunbar, LLP, appeal the trial court's judgment of January 31, 2024, finding counsel for Mr. Adams, Ms. Boyle, in contempt of court. The judgment also disqualified Ms. Boyle's law firm, Phelps Dunbar, LLP, from representing any party in this matter, and decreed that the order of contempt would be purged by Phelps Dunbar's withdrawal from the case.

This matter is the latest chapter in ongoing litigation stemming from a failed business venture. In 2011, Rick Sutton and Jack Adams entered into a business relationship regarding the operation/creation of a jewelry shop and art gallery on Royal Street. They formalized their agreement through the formation of business entities named RJANO Holdings, Inc. and Maison Royale, LLC. RJANO was the entity that leased the property and Maison Royale was the entity that operated the business. The relationship between Mr. Sutton and Mr. Adams deteriorated and numerous lawsuits have followed.[1]

---

[1] Previous reported decisions in this matter include: *Sutton v. Adams*, 2019-0992 (La.App. 4 Cir. 10/12/22), 351 So.3d 427; *Sutton v. Adams*, 2019-0975 (La.App. 4 Cir. 10/12/22), 351 So.3d 403; *Adams v. Sutton*, 2019-0247 (La.App. 4 Cir. 10/12/22), 350 So.3d 1041; *Adams v. Sutton*, 2019-1105, 2019-0796, 2019-0851 (La.App. 4 Cir. 10/12/22), 351 So.3d 391; *Sutton v. Adams*, 2019-0795, 2019-0845 (La.App. 4 Cir. 10/12/22), 351 So.3d 411; *Sutton v. Adams*, 2022-1677, 2022-1674, 2022-1672 (La. 3/7/23), 356 So.3d 1038; *Sutton v. Adams* 2022-1673 (La. 3/7/23),

1

In the instant matter, Mr. Sutton filed a motion to disqualify two attorneys representing collectively Mr. Adams, RJANO and Maison Royale. One of those attorneys is Ms. Boyle, one of the appellants herein. In a November 10, 2021 trial court order, the motion was granted in part and denied in part. In that order, the trial court stated, "[Ms. Boyle] is not disqualified from representing any plaintiff or defendant in this matter whatsoever; however, it is hereby ordered that Ms. Boyle withdraw her representation of either [Mr. Adams] or RJANO and Maison Royale. Ms. Boyle will no longer be permitted to represent both the individual and the corporations simultaneously." In reasons for judgment, the trial court found that throughout this litigation, Mr. Adams made several decisions regarding the corporations that were detrimental to the corporations. Therefore, he found that Mr. Adams, individually, and the corporations have divergent interests and, as a result, cannot be represented by the same counsel without conflict.

Following the November 10, 2021 order, Ms. Boyle represented all three parties on two more occasions, once at an oral argument before this Court and another time on a motion for extension of time on a writ application before the Louisiana Supreme Court. Mr. Sutton subsequently filed a motion for contempt, moving for an order holding Ms. Boyle in contempt of the court's order. In the motion, Mr. Sutton argued that Ms. Boyle failed to withdraw as ordered and continued to represent all three parties following the issuance of the order. Ms. Boyle opposed the motion, arguing that Mr. Sutton could not prove that she violated the court's order or, alternatively, he could not prove that any violation was intentional, knowing, purposeful, and without justifiable excuse. Mr. Sutton

_____

356 So.3d 1005; and *RJANO Holdings, Inc. v. Phelps Dunbar, LLP*, 2022-0058 (La.App. 4 Cir. 9/21/22), 366 So.3d 499.

also filed a separate motion to disqualify Ms. Boyle from representing the interest of any plaintiff or defendant in this matter, arguing she had a conflict of interest in advancing the interests of one client, Mr. Adams, to the detriment of her other two clients, RJANO and Maison Royale.

While these motions were under advisement, the matter was stayed pending bankruptcy proceedings in federal court. After the stay was lifted, the trial court rendered judgment on January 31, 2024, disqualifying the law firm of Phelps Dunbar from representing any party in this matter, citing the cases of *Walker v. State of Louisiana, DOTD*, 01-2078 (La. 5/14/02), 817 So.2d 57, and *Corbello v. Iowa Production Co.*, 00-1403 (La.App. 3 Cir. 6/6/01), 787 So.2d 596. The court granted Mr. Sutton's motion for contempt and decreed that the order of contempt would be purged by Phelps Dunbar's withdrawal from the case. In reasons for judgment, the court stated that in its November 2021 order, it had offered Ms. Boyle the opportunity to decide which client or clients she would continue to represent and then other counsel would be needed to represent the others. The court also stated that no appeal was taken from that order, yet Phelps Dunbar, through attorney Ms. Boyle, filed a motion on behalf of all three parties at the Louisiana Supreme Court in November 2022.

Ms. Boyle, Phelps Dunbar, and their client, Mr. Adams, now appeal. On appeal, Ms. Boyle and Phelps Dunbar assert three assignments of error:

1) The trial court erred by granting a motion for contempt because Mr. Sutton did not prove, beyond a reasonable doubt, that Ms. Boyle intentionally, knowingly, purposefully, and without justification violated a court order;

2) The trial court erred by imposing a legally improper punishment for the alleged (and unproven) contempt; and

3

3) The trial court erred by punishing Phelps Dunbar for the alleged (and unproven) contempt without providing notice, as required by law.

Mr. Adams asserts the following three assignments of error:

1) The trial court erred in granting the motion for contempt because Mr. Sutton did not prove, beyond a reasonable doubt, that Ms. Boyle intentionally, knowingly, purposefully, and without justification violated a court order;

2) The trial court erred in granting Mr. Sutton's motion for contempt without reciting the facts upon which the court based its contempt finding, failing to state whether it affirmatively adjudged Ms. Boyle guilty of contempt, and making no findings whatsoever as to whether the unspecified actions it (presumably) found to be contemptuous were undertaken willfully, thereby depriving Mr. Adams of his right to the counsel of his choice without due process; and

3) The trial court erred by disqualifying Ms. Boyle, and the entirety of Phelps Dunbar, LLP, which was an improper and disproportionately punitive remedy for Ms. Boyle's (unproven) contempt.

Mr. Sutton, the appellee herein, argues that the appellants mistakenly focus on the burden of proof for a finding of criminal contempt, when the finding of contempt here was civil in nature. Mr. Sutton also argues that disqualification was the proper penalty here because Ms. Boyle and Phelps Dunbar were operating under an order, which found that they had a conflict of interest, and which order they did not appeal. Mr. Sutton further argues that this appeal is moot because appellants failed to appeal or dispute the finding of a conflict of interest, and have already purged themselves of any finding of contempt by withdrawing as counsel as per the court's November 10, 2021 order.

The only judgment that is properly before this Court in this appeal is the judgment of January 31, 2024. In that judgment, the trial court granted Mr. Sutton's motion for contempt against Ms. Boyle[2] and ordered the disqualification

---

[2] Addressing Mr. Adams' argument that the trial court failed to state whether it affirmatively adjudged Ms. Boyle guilty of contempt, we find the judgment is clear that is the case as the

of Ms. Boyle's law firm, Phelps Dunbar, LLP, from representing any party in this matter. The motion for contempt at issue stated as follows:

> NOW INTO COURT COMES plaintiff Rick M. Sutton ("Sutton"), through undersigned counsel, who moves for entry of an order holding counsel of record for Jack Adams ("Adam"), Ms. Kim Boyle ("Boyle"), in contempt of this Court's order of November 10, 2021, ordering her to withdraw from representing Jack Adams or RJANO and Maison Royale.[] Following this November 10, 2021, judgment, Boyle failed to withdraw as ordered; and in fact, continued to represent all three parties in court, as more fully set out in the attached memorandum.
>
> WHEREFORE, after due hearing, Defendant, Rick Sutton respectfully requests that this Court hold Ms. Kim Boyle in contempt of court for violating this Court's order of November 11 [sic], 2021, and grant relief as prayed for in the accompanying memorandum.

In the accompanying memorandum, the remedy requested by Mr. Sutton was for Ms. Boyle to be disqualified from representing any party in this matter due to her willful and intentional disregard of the trial court's November 10, 2021 order and refusal to avoid a conflict of interest even after being ordered to do so by the trial court. Phelps Dunbar, LLC was not named in the motion for contempt.

In *Joseph v. Entergy*, 07-0688, p. 7 (La.App. 4 Cir. 12/5/07), 972 So. 2d 1230, 1235-36, this Court summarized the general principles regarding contempt as follows:

> Contempt of court proceedings in civil cases are governed by La. C.C.P. art. 221, et seq., which define contempt as "any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." The Code of Civil Procedure provides for two kinds of contempt, direct and constructive. Direct contempt of court is defined in La. C.C.P. art. 222 as "one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record." Constructive contempt of court is any contempt other than a direct one, including

---

judgment granted the motion for contempt and Ms. Boyle was the only party alleged to have been in contempt.

5

the "[w]willful [sic] disobedience of any lawful judgment, order, mandate, writ, or process of the court." La. C.C.P. art. 224(2).

In *Marullo v. Extreme Motor Sports of New Orleans, LLC*, 23-0157, pp. 3-4 (La.App. 4 Cir. 10/25/23), 376 So.3d 964, 967-968, this Court detailed the law regarding the nature of contempt proceedings and burden of proof as follows:

> Our review of this case hinges on the nature of the contempt proceeding that took place. "Contempt of court proceedings are either criminal or civil" in nature. *Succession of Bailey*, 2020-0145, p. 5 (La. App. 4 Cir. 11/18/20), 311 So. 3d 422, 425 (citing *Dazet Mortg. Sols. LLC v. Faia*, 2012-486, p. 7 (La. App. 5 Cir. 4/10/13), 116 So. 3d 711, 717). To determine the nature of a contempt proceeding, the appellate court must look to "the nature of the punishment imposed—that is, whether the punishment is remedial or punitive." *Streiffer v. Deltatech Constr., LLC*, 2019-0990, p. 7 (La. App. 4 Cir. 3/25/20), 294 So. 3d 564, 572. In a civil suit, a contempt proceeding is civil in nature if the purpose of the proceeding is to force compliance with a court order, but it is criminal in nature if the purpose is to punish disobedience of a court order. *Parish of Jefferson v. Lafreniere Park Found.*, 1998-345, p. 8 (La. App. 5 Cir. 9/15/98), 720 So. 2d 359, 364 (citations omitted). Civil contempt is remedial in nature and is imposed for the benefit of the complainant, whereas criminal contempt is punitive in nature and meant to vindicate the authority of the court. *Streiffer*, 2019-0990, p. 8, 294 So. 3d at 572 (quoting *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 631, 108 S. Ct. 1423, 1429, 99 L.Ed.2d 721 (1988)). Furthermore, if the court orders that a fine be imposed, the fine is considered remedial when it is paid to the complainant and punitive when it is paid to the court. *Id.* (quoting *Hicks ex rel. Feiock*, 485 U.S. at 632, 108 S. Ct. at 1429.
>
> In a civil contempt proceeding, the mover must prove the contempt through a preponderance of the evidence. *Id.* at p. 9, 294 So. 3d at 573 (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827, 114 S. Ct. 2552, 2557, 129 L.Ed.2d 642 (1994)). When a district court holds a party in civil contempt, the appellate court will review the ruling under a manifest error standard and, if sufficient evidence was presented, the appellate court will only reverse the ruling if it can find that the district court abused its discretion. *Id.* at p. 9, 294 So. 3d at 573 (citations omitted). However, if the district court holds a party in criminal contempt, the role of the appellate court is to review the evidence in a light most favorable to the mover and determine whether the evidence "was sufficient for a rational trier of fact to conclude that every element of the contempt charge was proved beyond a reasonable doubt." *Billiot v. Billiot*, 2001-1298, p. 5 (La. 1/25/02), 805 So. 2d 1170, 1174 (citing *State in*

*Interest of R.J.S.*, 493 So. 2d 1199, 1202 (La. 1986)). In a criminal contempt proceeding, the mover bears the burden of proving the elements of the contempt beyond a reasonable doubt. *See State v. Mitchell*, 2015-169, p. 4 (La. App. 5 Cir. 10/28/15), 178 So. 3d 203, 206 (citing *Hicks ex rel. Feiock*, 485 U.S. at 632, 108 S. Ct. at 1429-30).

In this matter, the contempt alleged by Mr. Sutton against Ms. Boyle was one of constructive contempt. Although a trial court has discretion to determine whether to find a person guilty of constructive contempt of court, a finding that a person willfully disobeyed a court order in violation of La. C.C.P. art. 224(2) must be based on a finding that the accused violated an order of the court "intentionally, knowingly, and purposefully, without justifiable excuse." *Joseph,* 08-0855, pp. 5-6, 1 So. 3d 748, 752 (citing *Lang v. Asten, Inc.*, 05-1119, p. 1 (La. 1/13/06), 918 So.2d 453, 454).

In our review of the judgment appealed from, we must first determine whether these contempt proceedings were criminal or civil in nature. We conclude that the wording of the contempt motion makes clear that the purpose of this contempt proceeding was to punish Ms. Boyle for disobedience of a court order. Therefore, because the punishment sought by Mr. Sutton against Ms. Boyle was punitive in nature, rather than remedial, the contempt proceedings were criminal in nature and Mr. Sutton had the burden of proving the elements of contempt beyond a reasonable doubt.

A review of the transcript of the hearing on the motion for contempt reveals that it did not include any testimonial or documentary evidence, but rather only arguments of counsel. Because no evidence was presented at the hearing to establish that Ms. Boyle willfully disobeyed an order of the court and did so "intentionally, knowingly, and purposefully, without justifiable excuse," we

7

conclude that Mr. Sutton did not carry his burden of proving beyond a reasonable doubt that Ms. Boyle was guilty of constructive contempt. "A finding of willful disobedience on the basis of a total absence of proof is clearly erroneous." *Fleming v. Armant*, 12-0043, p. 8 (La.App. 5 Cir. 5/31/12), 97 So.3d 1071, 1076 (citing *Riley v. Pennix*, 442 So.2d 563, 565 (La.App. 1 Cir. 1983)). Accordingly, we find the trial court erred in granting Mr. Sutton's motion for contempt against Ms. Boyle.

Furthermore, the remedy of disqualification sought by Mr. Sutton, and granted by the trial court, is not authorized as relief under La. C.C.P. art. 227 and La. R.S. 13:4611(1)(d), relative to punishment for constructive contempt.

La. C.C.P. art. 227 states as follows: "A person may not be adjudged guilty of a contempt of court except for misconduct defined as such, or made punishable as such, expressly by law. The punishment which a court may impose upon a person adjudged guilty of contempt of court is provided in R.S. 13:4611."

For a constructive contempt of court, La. R.S. 13:4611 authorizes punishment of a fine of not more than five hundred dollars, or imprisonment for not more than three months, or more, except as otherwise provided by law.

In *Marshall v. Marshall*, 19-0879 (La.App. 1 Cir. 7/14/20), 308 So.3d 1178, the trustee of a charitable remainder trust was found in contempt and was removed as trustee among other punishments imposed by the trial court. The trustee appealed, and one of his arguments was that the judgment exceeded the limits of punishment for contempt. He argued that the court was limited to punishing him for contempt by imposing a fine and/or imprisonment as provided in La. R.S. 13:4611. The party who brought the contempt motion argued that La. R.S. 9:1789 provided an exception to La. R.S. 13:4611, in that it allowed a court to remove a

8

trustee for "sufficient cause." But the appellate court reversed the judgment insofar as it removed the appellant as trustee, noting that "the power to punish for contempt of court shall be limited by law," citing La. Const. art. 5, §2 (1974). The court found that La. R.S. 9:1789 neither expressly provides that a court may remove a trustee on its own motion nor does it allow such a remedy as part of a contempt proceeding.

We find the *Marshall* case to be analogous to the instant matter. We have found no exception provided by law for disqualification to be allowed as relief for a finding of constructive contempt such as that brought against Ms. Boyle. "Proceedings for contempt must be strictly construed, and the policy of our law does not favor extending their scope." *Rogers v. Dickens*, 06-0898, p. 8 (La.App. 1 Cir. 2/9/07), 959 So. 2d 940, 946 (citing *Estate of Graham v. Levy*, 93-0636, 93-0134, p. 4 (La.App. 1 Cir. 4/8/94), 636 So.2d 287, 290). Furthermore, we note that the cases cited by the trial court in reasons for judgment, *Walker v. State of Louisiana, DOTD*, 2001-2078 (La. 5/14/02), 817 So.2d 57, and *Corbello v. Iowa Production Co.*, 2000-1403 (La.App. 3 Cir. 6/6/01), 787 So.2d 596, did not involve contempt proceedings and are, therefore, not applicable to the instant case.

Therefore, although we are reversing the contempt judgment because Mr. Sutton failed to carry his burden of proof, we also note that disqualification is not authorized as a remedy for constructive contempt under La. R.S. 13:4611 and there is no exception applicable for the type of contempt alleged against Ms. Boyle.

We further note that Mr. Sutton's rule to show cause for his contempt motion only named Ms. Boyle and is silent as to her law firm, Phelps Dunbar, LLC. But the judgment appealed from disqualified that entire law firm. La. C.C.P. art. 225 states:

9

Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. The rule to show cause may issue on the court's own motion or on motion of a party to the action or proceeding and shall state the facts alleged to constitute the contempt.

Phelps Dunbar, LLC was not provided notice of a contempt charge against it as required by law, and as such, could not be found in contempt or punished for the same.

Accordingly, because Mr. Sutton failed to carry his burden of proving beyond a reasonable doubt that Ms. Boyle willfully disobeyed the November 10, 2021 court order, and did so intentionally, knowingly, and purposefully, without justifiable excuse, we find that the trial court erred in finding Ms. Boyle guilty of constructive contempt. Additionally, as Mr. Sutton's rule to show cause for his contempt motion named only Ms. Boyle, thus denying Phelps Dunbar of the notice required by law for a contempt charge, we also find the trial court erred in disqualifying Phelps Dunbar, LLP, from representing any party in this matter. We hereby reverse the trial court judgment of January 31, 2024.

**REVERSED**